GUSTAVO D. LAGE (Admitted *Pro Hac Vice*)
SANCHEZ-MEDINA, GONZALEZ,
QUESADA, LAGE, GOMEZ & MACHADO, LLP
1200 Brickell Avenue, Suite 950
Miami, Florida 33131
Tel.: (305) 377-1000
Fax: (855) 898-0621
glage@smgqlaw.com

JAMES N. FIEDLER (CA SBN 36643)
LAW OFFICE OF JAMES N. FIEDLER
240 Avenida Vista Montana, # 13C
San Clemente, CA 92672
Tel.: (818) 782-2189
Fax: (818) 308-1134
jfiedlerlaw@gmail.com

Attorneys for Defendant
DERRICK SNOWDY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MARC COHODES,<br><br>                    Plaintiff,<br><br>     vs.<br><br>MIMDEX GROUP, INC., DERRICK SNOWDY, and DANIEL GUY.<br><br>                    Defendants. | **CASE NO.  3:22-cv-00368-JD**<br><br>**NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT PURSUANT TO C.C.P. § 425.16; AND REQUEST FOR ATTORNEYS' FEES AND COSTS (C.C.P. § 425.16(c)(1))**<br><br>[*Declarations of Derrick Snowdy and El'ad Botwin; Request for Judicial Notice; and [Proposed] Order Filed Concurrently Herewith*]<br><br>Date:   July 21, 2022<br>Time:  10:00 a.m.<br>Ctrm:  11<br><br>Assigned to the Hon. James Donato |

SPECIAL MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT PURSUANT TO
C.C.P. § 425.16; AND REQUEST FOR ATTORNEYS' FEES

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on July 21, 2022, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable James Donato, in Courtroom 11 of the United States District Court for the Northern District of California, located at Phillip Burton Federal Building, 450 Golden Gate Avenue, 19th Floor, San Francisco, California 94102, Defendant Derrick Snowdy ("Snowdy") will, and hereby does, move this Court, pursuant to California Code of Civil Procedure section 425.16, for an order striking the Third and Fourth Causes of Action against them in the Complaint filed by Plaintiff Marc Cohodes ("Plaintiff" or "Cohodes"), and striking the allegations on which the claims are based.

Section 425.16, known as the "anti-SLAPP" statute, is a means to quickly dispose of causes of action arising from a defendant's exercise of his constitutional right to petition for redress of grievances and applies against state law claims asserted in federal court. *See*, *Thomas v. Fry's Elecs., Inc.*, 400 F.3d 1206, 1206-07 (9th Cir. 2005). The anti-SLAPP analysis is a two-prong inquiry: (1) the defendant must show that the claims arise from protected activity; and (2) the burden then shifts to the plaintiff to produce admissible evidence to demonstrate a probability of prevailing on the merits of the claims. *Baral v. Schnitt* (2016) 1 Cal. 5th 376, 384.

In the case at bar, the alleged conduct and communications in support of Cohodes' defamation and false light causes of action constitute protected activity that falls squarely under California's litigation privilege, California Code of Civil Procedure § 425.16(e) and California Civil Code § 47(b). The statements complained of also constitute protected speech in connection with an "issue of public interest" under California Code of Civil Procedure § 425.16(e)(3)-(4), and are also protected under the common interest privilege, pursuant to California Code of Civil Procedure § 47(c). Cohodes cannot show malice to overcome the latter two privileges, and the litigation privilege is absolute and cannot be overcome by malice.

Because the challenged claims arise from protected activity, the burden shifts to the Plaintiff to demonstrate a probability of success on his claims. The communications Cohodes' complains of

leading up to certain lawsuits are "connected" and "logically related" to judicial actions and are absolutely privileged.

Pursuant to section 425.16(c)(1), Snowdy is entitled to recover the attorneys' fees and costs incurred in connection with the Motion.

The Motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declarations of Derrick Snowdy and El'ad Botwin, the Request for Judicial Notice and exhibits thereto, all pleadings and papers on file in this action, any oral argument the Court may entertain on the Motion, and any other matter the Court deems just and proper.

DATED: June 15, 2022                          Respectfully Submitted,

                                             SANCHEZ-MEDINA, GONZALEZ,
                                             QUESADA, LAGE, GOMEZ & MACHADO, LLP


                                             By:    *s/Gustavo D. Lage*
                                                    Gustavo D. Lage

                                                    Attorneys for Defendant
                                                    DERRICK SNOWDY

SPECIAL MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT PURSUANT TO C.C.P. § 425.16; AND REQUEST FOR ATTORNEYS' FEES

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

I.    PRELIMINARY STATEMENT .................................................................................. 1

II.   STATEMENT OF ISSUES TO BE DECIDED ........................................................... 1

III.  STATEMENT OF RELEVANT FACTS ..................................................................... 2

IV.  LEGAL STANDARD ................................................................................................. 4

ARGUMENT ......................................................................................................................... 4

V.    PRONG ONE: COHODES' CLAIMS AGAINST SNOWDY ARISE FROM PROTECTED
      ACTIVITY .................................................................................................................. 4

   A.  California's Litigation Privilege Bars the Third and Fourth Causes of Action. ......................... 4

   B.  Cohodes' Attacks on Public Companies as a Notorious Short Seller Are an Issue of Public
       Interest. .......................................................................................................................... 7

   C.  The Common Interest Privilege Applies. ...................................................................... 9

   D.  Cohodes' Republication Theory Fails. .......................................................................... 9

   E.  Cohodes Cannot Establish Malice. ............................................................................. 10

   F.  Any Amendments to the Complaint Would Be Futile. ................................................. 11

   G.  This SLAPP Action Cannot Be Saved by Claims of Illegal Investigation. .............................. 13

VI.   PRONG TWO: COHODES IS NOT LIKELY TO PREVAIL. .................................. 14

VII.  SNOWDY IS ENTITLED TO RECOVER ATTORNEYS' FEES AND COSTS. .................. 15

VIII. CONCLUSION ......................................................................................................... 15

SPECIAL MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT PURSUANT TO
C.C.P. § 425.16; AND REQUEST FOR ATTORNEYS' FEES

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Superior Court* (1992)
    2 Cal.App.4th 521 ................................................................................................ 6

*Biggins v. Hanson* (1967)
    252 Cal.App.2d 16 .............................................................................................. 10

*Bowles v. Constellation Brands, Inc.*,
    444 F. Supp. 3d 1161 (E.D. Cal. 2020) ............................................................... 10

*Brodeur v. Atlas Ent., Inc.* (2016)
    248 Cal. App. 4th 665 ........................................................................................... 9

*Cabanas v. Gloodt Assocs.*,
    942 F. Supp. 1295 (E.D. Cal. 1996) ..................................................................... 10

*Cnty. of Tuolumne v. Sonora Cmty. Hosp.*,
    1 F. App'x 653 (9th Cir. 2001) ............................................................................. 12

*Collins v. Allstate Indem. Co.*,
    428 F. App'x 688 (9th Cir. 2011) ......................................................................... 15

*Comstock v. Aber* (2012)
    212 Cal. App. 4th 931 ............................................................................................ 4

*Contemp. Servs. Corp. v. Staff Pro Inc.* (2007)
    152 Cal. App. 4th 1043 .......................................................................................... 4

*Di Giorgio Corp. v. Valley Lab. Citizen* (Ct. App. 1968)
    260 Cal. App. 2d 268 ............................................................................................. 9

*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* (2006)
    47 Cal. App. 4th 777 .............................................................................................. 5

*Eisenberg v. Alameda Newspapers, Inc.* (1999)
    74 Cal.App.4th 1359 .............................................................................................. 4

*Flatley v. Mauro* (2006)
    39 Cal. 4th 299 ...................................................................................................... 5

*Grant & Eisenhofer, P.A. v. Brown*, No. CV175968PSGPJWX,
    2017 WL 6343506 (C.D. Cal. Dec. 6, 2017) ....................................................... 13

SPECIAL MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT PURSUANT TO
C.C.P. § 425.16; AND REQUEST FOR ATTORNEYS' FEES

*Gregory v. McDonnell Douglas Corp.* (1976)
   17 Cal.3d 596 ................................................................................................ 12

*Hann v. Anderson*, No. EDCV20756MCSSP,
   2021 WL 1820697 (C.D. Cal. Mar. 16, 2021) ....................................................... 6

*Hansen v. California Dept. of Corrections and Rehabilitation* (2008)
   171 Cal.App.4th 1537 ..................................................................................... 13

*Hawkins v. Harris*,
   141 N.J. 207 (1995) ......................................................................................... 6

*Hui v. Sturbaum* (2014)
   222 Cal. App. 4th 1109 ..................................................................................... 9

*In re Connetics Corp. Sec. Litig.*,
   542 F. Supp. 2d 996 (N.D. Cal. 2008) ................................................................ 10

*In re Grand Jury Subpoena*,
   357 F.3d 900 (9th Cir. 2004) ........................................................................... 14

*Ingels v. Westwood One Broad. Servs., Inc.* (2005)
   129 Cal. App. 4th 1050 ..................................................................................... 9

*Jacques v. Bank of Am. Corp.*, No. 1:12-CV-00821-SAB,
   2016 WL 4548863 (E.D. Cal. Aug. 31, 2016) ....................................................... 9

*Kashian v. Harriman* (2002)
   98 Cal. App. 4th 892 ................................................................................. passim

*Kerner v. Superior Ct.* (2012)
   206 Cal. App. 4th 84 ......................................................................................... 6

*Ketchum v. Moses* (2001)
   24 Cal.4th 1122 ............................................................................................. 15

*King v. United Parcel Service, Inc.* (2007)
   152 Cal.App.4th 426 ......................................................................................... 9

*Laker v. Bd. of Trustees of California State Univ.* (2019)
   32 Cal. App. 5th 745 .................................................................................. 12, 13

*Leavitt v. Bickerton*,
   855 F.Supp. 455 (D.Mass.1994) ......................................................................... 6

SPECIAL MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT PURSUANT TO
C.C.P. § 425.16; AND REQUEST FOR ATTORNEYS' FEES

*Mansell v. Otto* (2003)
   108 Cal. App. 4th 265 ................................................................................ 7

*Melbostad v. Fisher* (2008)
   165 Cal. App. 4th 987 .............................................................................. 15

*Middlesex Concrete Prod. & Excavating Corp. v. Carteret Indus. Ass'n,*
   68 N.J. Super. 85 (App. Div. 1961) ........................................................... 6

*Milkovich v. Lorain Journal Co.,*
   497 U.S. 1, 110 S. Ct. 2695 (1990) ......................................................... 12

*Nat.-Immunogenics Corp. v. Newport Trial Grp.,* No. 815CV02034JVSJCGX,
   2017 WL 10562991 (C.D. Cal. Sept. 18, 2017) ...................................... 14

*Navellier v. Sletten* (2003)
   106 Cal. App. 4th 763 ................................................................................ 4

*Nygard, Inc. v. Uusi-Kerttula* (2008)
   159 Cal. App. 4th 1027 .............................................................................. 7

*Overstock.com, Inc. v. Gradient Analytics, Inc.* (2007)
   151 Cal. App. 4th 688 ................................................................. 1, 3, 8, 11

*Paterson v. Little, Brown & Co.,*
   502 F. Supp. 2d 1124 (W.D. Wash. 2007) .............................................. 12

*People ex rel. Gallegos v. Pac. Lumber Co.* (2008)
   158 Cal. App. 4th 950 ................................................................................ 1

*People v. Meredith* (1981)
   29 Cal. 3d 682 ......................................................................................... 14

*Phantom Touring, Inc. v. Affiliated Publications,*
   953 F.2d 724 (1st Cir.1992) ..................................................................... 12

*Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.,*
   946 F. Supp. 2d 957 (N.D. Cal. 2013) ...................................................... 7

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. For Med. Progress,*
   890 F.3d 828 (9th Cir. 2018) ...................................................................... 4

*Rothman v. Jackson* (1996)
   49 Cal.App.4th 1134 .................................................................................. 5

iv

SPECIAL MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT PURSUANT TO
C.C.P. § 425.16; AND REQUEST FOR ATTORNEYS' FEES

*Rubin v. Green* (1993)
    4 Cal. 4th 1187 ......................................................................................... 6, 14

*Rusheen v. Cohen* (2006)
    37 Cal. 4th 1048 ............................................................................................ 5

*Sec. & Exch. Comm'n v. Lemelson*, No. CV 18-11926-PBS,
    2022 WL 952264 (D. Mass. Mar. 30, 2022) ................................................... 8

*Seelig v. Infinity Broad. Corp.* (2002)
    97 Cal. App. 4th 798 ...................................................................................... 9

*Silberg v. Anderson* (1990)
    50 Cal. 3d 205 ............................................................................................ 5, 6

*Simmons v. Allstate Ins. Co.* (2001)
    92 Cal. App. 4th 1068 .................................................................................... 4

*Smith v. Maldonado* (Ct.App.1999)
    72 Cal.App.4th 637 ...................................................................................... 12

*Sparrow LLC v. Lora*, No. CV-14-1188-MWF (JCX),
    2014 WL 12573525 (C.D. Cal. Dec. 4, 2014) .............................................. 13

*Spelson v. CBS, Inc.*,
    581 F.Supp. 1195 (N.D.Ill.1984) ................................................................. 12

*Steel v. City of San Diego*, No. 09CV1743-MMA (WVG),
    2010 WL 11468534 (S.D. Cal. Jan. 4, 2010) ................................................. 6

*Thomas v. Fry's Elecs., Inc.*,
    400 F.3d 1206 (9th Cir. 2005) ........................................................................ 4

*Tichinin v. City of Morgan Hill* (2009)
    177 Cal. App. 4th 1049 ................................................................................ 11

*TP Link USA Corp. v. Careful Shopper LLC*, No. 819CV00082JLSKES,
    2020 WL 3063956 (C.D. Cal. Mar. 23, 2020) .................................... 1, 5, 7, 14

*United States v. Nobles*,
    422 U.S. 225, 95 S.Ct. 2160 (1975) ............................................................. 14

*United States v. Petit*, No. 19-CR-850 (JSR),
    2021 WL 673461 (S.D.N.Y. Feb. 21, 2021). ........................................... 1, 3, 8

SPECIAL MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT PURSUANT TO
C.C.P. § 425.16; AND REQUEST FOR ATTORNEYS' FEES

*Walker v. Boeing Corp.,*
  218 F. Supp. 2d 1177 (C.D. Cal. 2002).............................................................. 11

*Wang v. Wal-Mart Real Estate Bus. Trust* (2007)
  153 Cal. App. 4th 790 .......................................................................................... 13

*Welk Resort Grp. Inc. v. Reed Hein & Assocs., LLC,* No. 3:17-CV-01499-L-AGS,
  2019 WL 1242446 (S.D. Cal. Mar. 18, 2019) ........................................................ 7

**Statutes**

18 U.S.C. § 2511 ........................................................................................................... 2

CCC § 46 ........................................................................................................................ 2

CCC §47(b) ................................................................................................................ 1, 5

CCC §47(c) ................................................................................................................ 2, 9

CCP § 425.16(b)(1) .................................................................................................... 4, 5

CCP §425.16(e)(3)-(4 ............................................................................................... 1, 7

CCP §426.15 .................................................................................................................. 1

CPC § 632.7 ........................................................................................................ 2, 13, 14

**Treatises**

Prosser on Torts § 95 (2d ed. 1955) ............................................................................... 6

Restatement (First) of Torts § 588 (1938) ..................................................................... 6

**Other Authorities**

John D. Finnerty, *Short Selling, Death Spiral Convertibles, and the Profitability of Stock
  Manipulation* (March 2005)........................................................................................ 8

SPECIAL MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT PURSUANT TO
C.C.P. § 425.16; AND REQUEST FOR ATTORNEYS' FEES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    PRELIMINARY STATEMENT

Far from the pristine image he paints of himself in the Complaint, Plaintiff Marc Cohodes' ("Cohodes") track record as a short seller is not unsullied. California courts have found in 2007, upon reviewing extensive evidence, that Cohodes methodically caused false information to be published about a company he was shorting. *See, Overstock.com, Inc. v. Gradient Analytics, Inc.* (2007) 151 Cal. App. 4th 688 (Exhibit A). Cohodes also went "too far" in his attacks against Defendant MiMedx Group, Inc., according to Bloomberg, and to this day, the majority of Cohodes' inflammatory accusations were never charged, let alone proven.[1] Cohodes now brings this classic SLAPP suit to silence his critics and chill further investigations into his conduct.

By Cohodes' own inescapable allegations, the conduct he complains of directly relates to then pending or anticipated litigation. Cohodes' defamation and false light claims thus arise from privileged activity and should be stricken. The litigation privilege must be "broadly" interpreted, *People ex rel. Gallegos v. Pac. Lumber Co.* (2008) 158 Cal. App. 4th 950, 958, and any doubts must be "resolved in favor of applying it." *Kashian v. Harriman* (2002) 98 Cal. App. 4th 892, 913. It is absolute and applies regardless of malice. *Id*. For analogous reasons, Cohodes is unable to show that he is likely to prevail on his defamation and false light claims. "The litigation privilege is also relevant to the second step in the anti-SLAPP analysis in that it may present a substantive defense a plaintiff must overcome to demonstrate a probability of prevailing." *TP Link USA Corp. v. Careful Shopper LLC,* 2020 WL 3063956, at *8 (C.D. Cal. Mar. 23, 2020).

### II.    STATEMENT OF ISSUES TO BE DECIDED

1.  Do the allegations of the Third and Fourth Causes of Action arise from protected activity within the meaning of California Code of Civil Procedure §426.15, because it is related to judicial proceedings, as alleged by Plaintiff, making it absolutely immune from tort liability by the litigation privilege pursuant to California Civil Code §47(b)?

2.  Do the defamation and false light claims also arise from protected speech in connection with an "issue of public interest" under California Code of Civil Procedure §425.16(e)(3)-(4)?

---

[1] Exhibit B; *see*, *Petit*, 2021 WL 673461.

SPECIAL MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT PURSUANT TO C.C.P. § 425.16;
AND REQUEST FOR ATTORNEYS' FEES

3.   Do the defamation and false light claims also arise from protected speech under the common interest privilege pursuant to California Civil Code §47(c)?

4.   Did Plaintiff fail overcome the latter two privileges by an adequate showing of malice?

5.   Can Plaintiff show a probability of prevailing on his claims under the second prong of the anti-SLAPP analysis?

## III.   STATEMENT OF RELEVANT FACTS

Plaintiff Marc Cohodes is a short seller who claims to be "a successful investor [who] … can identify companies that are overvalued or may be conducting fraudulent or otherwise illegal activities." DE1, at ¶132. On January 19, 2022, Cohodes filed suit against Defendants MiMedx Group, Inc. ("MiMedx"), Snowdy, and Daniel Guy ("Guy"), alleging causes of action for Violation of the California Invasion of Privacy Act under California Penal Code § 632.7 (against all Defendants); Violation of the Wiretap Act (18 U.S.C. § 2511) (against all Defendants); Defamation/Slander under California Civil Code § 46 (against Snowdy and Guy); False Light Invasion of Privacy (against Snowdy and Guy); Trespass (against Snowdy). Cohodes alleges unjust enrichment against Snowdy and seeks injunctive relief against all Defendants. DE1.

Cohodes alleges that MiMedx and Guy[2] each conspired with Snowdy, a private investigator, to gain Cohodes' trust and spy on him during ongoing related and anticipated legal battles. *Idib*. More specifically, Cohodes alleges that Guy's hedge fund owned shares in Concordia Healthcare, a stock Cohodes was shorting, and that Guy suspected that short sellers were behind the decline in Concordia's stock. DE1, at ¶¶18-21. Cohodes alleges that Guy hired Snowdy to spy on Cohodes, including by allegedly recording their phone conversations, and that he gained Cohodes' trust under the pretense that he was also adverse to Concordia. DE1, at ¶¶22-30. The Complaint alleges that Guy made false statements about Cohodes to Newton Glassman, a principal of Catalyst Capital Group (a Canadian hedge fund), and Callidus Capital (a lending company), which was "planning to file a lawsuit against the short sellers and others that were supposedly manipulating its securities." DE1, at ¶¶31-37. Cohodes alleges that Guy and Snowdy fed false and defamatory information about Cohodes

---

[2]   Guy "is the Chief Investment Officer and Director of Harrington Global, a hedge fund that lost money by investing in an [allegedly] overvalued company that Cohodes exposed." DE1, at ¶4.

SPECIAL MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT PURSUANT TO C.C.P. § 425.16;
AND REQUEST FOR ATTORNEYS' FEES

to the Catalyst/Callidus legal team and tried to "shop" Snowdy's allegedly recorded phone conversations to them in preparation for the litigation against short sellers. DE1, ¶¶ 38-59.

Cohodes also alleges that MiMedx, a company Cohodes publicly accused of fraud and other wrongdoing, DE1, at ¶¶ 60-61, sued Sparrow Fund Management LP ("Sparrow") for stock manipulation over an article it believed was published by Sparrow and that MiMedx later dismissed the action because "MiMedx conceded that neither Sparrow nor its principals" published the article. DE1, at ¶¶ 62-63. Cohodes alleges that an anonymous email was sent to MiMedx expressing support for its lawsuit and allegedly implicating Cohodes in connection with the Sparrow litigation, and that the sender was Snowdy "[o]n information and belief…." DE1, at ¶64. The Complaint alleges that MiMedx published articles and posts on its website, attacking Cohodes, which, Cohodes conjectures, were in part based on Snowdy's alleged findings based on documents unsealed in the Sparrow-MiMedx litigation, but Cohodes also alleges that Snowdy was retained by MiMedx much later. DE1, at ¶¶65-66, 68; DE1-1. Only days after Snowdy's alleged retention, MiMedx published another article wherein it stated its beliefs about Cohodes, mirroring its beliefs as reflected in the retention email Cohodes attached as Exhibit A to the Complaint. DE1-1; DE1, at ¶72. Cohodes alleges that Snowdy attempted to shop "illicitly obtained recordings" of Cohodes to parties adverse to Cohodes. DE1, at ¶¶66-85.

In 2020, two MiMedx executives were convicted of one count of securities fraud count and one count of conspiracy and sentenced to one year imprisonment respectively. DE1, ¶¶5-6; *United States v. Petit*, 2021 WL 673461, at *11 (S.D.N.Y. Feb. 21, 2021). Many of Cohodes' public accusations against MiMedx were never brought or proven against it or its executives. Exhibit B. In another matter, a California appellate court affirmed a trial court's findings that competent evidence showed that Cohodes intentionally caused false statements to be published about a company his hedge fund was shorting and caused the decline of its stock. *Overstock.com, Inc. v. Gradient Analytics, Inc.* (2007) 151 Cal. App. 4th 688, 710-12 (Exhibit A).

Snowdy now brings this Motion to Strike Cohodes' defamation and false light causes of action, and files a Motion to Dismiss concurrently herewith.

## IV.    LEGAL STANDARD

Under California law, "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech . . . in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal. Civ. Proc. Code § 425.16(b)(1). Courts in this Circuit apply the anti-SLAPP statute in diversity actions. *See, Planned Parenthood Fed'n of Am., Inc. v. Ctr. For Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018); *Thomas v. Fry's Elecs., Inc.*, 400 F.3d 1206, 1206-07 (9th Cir. 2005).

The anti-SLAPP analysis has two prongs. *First*, the defendant must make a *prima facie* showing that the claims "arise from" protected activity; namely, "any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." Cal. Civ. Proc. Code § 425.16(b)(1). *Second*, "[i]f the defendant meets this initial burden, the burden then shifts and the plaintiff must show a probability of prevailing on the claim." *Contemp. Servs. Corp. v. Staff Pro Inc*. (2007) 152 Cal. App. 4th 1043, 1052. The plaintiff must present competent, admissible evidence to overcome the defendant's privileges and defenses. *See*, *Comstock v. Aber* (2012) 212 Cal. App. 4th 931, 953.

"[A] plaintiff cannot use an eleventh-hour amendment to plead around a motion to strike under the anti-SLAPP statute," *Navellier v. Sletten* (2003) 106 Cal. App. 4th 763, 772, nor can he amend his complaint after it is stricken pursuant to section 425.16, *Simmons v. Allstate Ins. Co.* (2001) 92 Cal. App. 4th 1068, 1073-74.

## ARGUMENT
## V.    PRONG ONE: COHODES' CLAIMS AGAINST SNOWDY ARISE FROM PROTECTED ACTIVITY.

### A.    California's Litigation Privilege Bars the Third and Fourth Causes of Action.

By Cohodes' admissions, the defamation and false light invasion of privacy causes of action[3] are based solely on statements Snowdy allegedly made to attorneys in anticipation of litigation. *See*

---

[3] "When a false light claim is coupled with a defamation claim, the false light claim is essentially superfluous, and stands or falls on whether it meets the same requirements as the defamation cause of action." *Eisenberg v. Alameda Newspapers, Inc.* (1999) 74 Cal.App.4th 1359, 1385, fn. 13. Consequently, the

DE1, e.g., at ¶ 118, ¶ 125 (alleging that, when Snowdy allegedly met with Catalyst's legal team, "Catalyst was preparing to file lawsuits against investors claiming that those investors had illegally manipulated the shares of Callidus"), ¶ 130, ¶ 135 (same). Because the application of the litigation privilege can be gleaned from the complaint, "the applicability of the litigation privilege is a question of law." *Kashian v. Harriman* (2002) 98 Cal. App. 4th 892, 913 (citing *Rothman v. Jackson* (1996) 49 Cal.App.4th 1134, 1139–1140). California's litigation privilege, which is embodied in California Civil Code § 47(b), is absolute and applies regardless of whether the communication was made with malice or the intent to harm. *Id.*, at 912. This privilege "afford[s] litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions[,]" and "plays a key role in ensuring that the channels used to 'investigate and remedy wrongdoing' remain open and unimpeded." *TP Link*, 2020 WL 3063956, at *8–9 (citing *Flatley v. Mauro* (2006) 39 Cal. 4th 299, 321; *Kashian*, 98 Cal. App. 4th at 926). "Although originally enacted with reference to defamation, the privilege is [given a broad application and] now held applicable to any communication, whether or not it amounts to a publication, and all torts except malicious prosecution." *Id.* (citing *Silberg v. Anderson* (1990) 50 Cal. 3d 205, 212).

"The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Id.* (citation omitted). "Thus, communications with *some* relation to judicial proceedings are absolutely immune from tort liability by the litigation privilege." *Id.* (emphasis added) (citing *Rusheen v. Cohen* (2006) 37 Cal. 4th 1048, 1057). "It is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards" and "is applicable to communications between private parties." *Id.* (citing *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* (2006) 47 Cal. App. 4th 777, 781-83). "California courts have adopted "a fairly expansive view of what constitutes litigation-related activities within the scope of section 425.16.'"

---

arguments advanced in this motion equally apply to both the third and fourth causes of action. In addition to these arguments under the anti-SLAPP statute, Snowdy raises independent grounds for dismissal of these causes of action in the motion to dismiss, filed separately.

SPECIAL MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT PURSUANT TO C.C.P. § 425.16; AND REQUEST FOR ATTORNEYS' FEES

*Hann v. Anderson*, 2021 WL 1820697, at *12 (C.D. Cal. Mar. 16, 2021), *report and recommendation adopted*, 2021 WL 1814976 (C.D. Cal. May 4, 2021) (citing *Kashian*, 98 Cal. App. 4th at 908).

Cohodes tries to save his causes of action by alleging that "Snowdy's statements were unprivileged. The lawyers to whom Snowdy made the statements were Catalyst's lawyers, not Snowdy's, and no privilege applies to Snowdy's false statements." DE1, at 28, ¶123. The relevant question, however, is whether the alleged statements were made in connection or logical relation to litigation by a participant. California courts have extended California's litigation privilege to communications by private investigators and other agents working with attorneys in preparing for litigation. *See, e.g., Steel v. City of San Diego*, 2010 WL 11468534, at *8 (S.D. Cal. Jan. 4, 2010) (granting investigator's motion to strike complaint under litigation privilege); *Kerner v. Superior Ct.* (2012) 206 Cal. App. 4th 84, 122, *as modified* (May 21, 2012) (finding "that the hiring of private investigators was protected by the privilege regardless of whether it constituted communicative or noncommunicative conduct."); *Rubin v. Green* (1993) 4 Cal. 4th 1187, 1195 (extending litigation privilege to attorney's agents and noting that "we can imagine few communicative acts more clearly within the scope of the privilege than … meeting and discussing" with attorneys anticipated litigation).[4] Even if this Court found that the question whether the litigation privilege applies to communications with private investigators in anticipation of litigation, "[a]ny [such] doubt about whether the privilege applies [must be] resolved in favor of applying it." *Kashian*, 98 Cal. 4th at 913 (citing *Adams v. Superior Court* (1992) 2 Cal.App.4th 521, 529).

Cohodes' next inference that the litigation privilege does not apply because Snowdy's representations are alleged to be "false," DE1, at 28, ¶123, is just as futile because, "as an 'absolute'

---

[4] Courts in other jurisdictions have also readily held (including in relying on California cases), that "statements made by participants in judicial proceedings extends to statements made by private investigators employed by the parties or their representatives" and are thus absolutely privileged. *Hawkins v. Harris*, 141 N.J. 207, 211, 220 (1995) (citing *Silberg*, 50 Cal.3d 205). The *Hawkins* court reasoned, for example, that an attorney is professionally responsible to supervise such investigators. *Id.*, at 221. *See also*, *Leavitt v. Bickerton*, 855 *F.Supp.* 455, 458 (D.Mass.1994) (holding that, for private investigator's statements to be privileged, they "need only be made in the course of judicial proceedings and be, in some way, related to those proceedings."); *Middlesex Concrete Prod. & Excavating Corp. v. Carteret Indus. Ass'n*, 68 *N.J. Super.* 85, 92 (App. Div. 1961) (holding that the litigation privilege "extends to statements or communications in connection with a judicial proceeding" and thus "protects [for example] a person while engaged in private conferences with an attorney with reference to litigation.") (citing Restatement (First) of Torts § 588 (1938); Prosser on Torts § 95 (2d ed. 1955)).

SPECIAL MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT PURSUANT TO C.C.P. § 425.16;
AND REQUEST FOR ATTORNEYS' FEES

privilege, California's litigation privilege is not subject to qualification based upon the subjective motives or alleged bad faith of a party making a challenged communication." *TP Link*, 2020 WL 3063956, at *9 (granting anti-SLAPP motion and holding that "[counterclaimants] cannot avoid the litigation privilege by alleging that [counterdefendant] engaged in knowingly false, prelitigation communication") (citing *Mansell v. Otto* (2003)108 Cal. App. 4th 265, 277 n.47). "Even fraudulent, deliberately false, or other types of tortious communication *must* be susceptible to coverage by the litigation privilege; if that were not true, the privilege would be unable to achieve its purpose of ensuring that fear of being subjected to derivative tort suits does not prevent open communication and the 'utmost freedom of access to the courts' and other channels of redress." *Id*. (emphasis in original). *Cf., Welk Resort Grp. Inc. v. Reed Hein & Assocs., LLC,* 2019 WL 1242446, at *8 (S.D. Cal. Mar. 18, 2019) (granting anti-SLAPP motion based on litigation privilege despite allegation that attorneys engaged in unlawful conduct and made false statements at variance with the Rules of Professional Conduct).[5]

### B.  This Case Involves Speech in Connection with an Issue of Public Interest.

To the extent Cohodes alleges a disclosure to a public forum, the alleged conduct is also protected as speech in connection with an "issue of public interest" under section 425.16(e)(3)-(4). An "issue of public interest" is "*any issue in which the public is interested*." *Nygard, Inc. v. Uusi-Kerttula* (2008) 159 Cal. App. 4th 1027, 1042 (emphasis in original). "California law does not require a statement to be serious or truthful in order to concern an issue of public interest." *Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, 946 F. Supp. 2d 957, 969 (N.D. Cal. 2013), *aff'd*, 609 F. App'x 497 (9th Cir. 2015).

Short sellers, such as Cohodes, take a significant risk in betting against a company, because their potential losses can be limitless, given that a short position can "leave[] an investor open to the possibility of unlimited losses, since a stock can theoretically keep rising indefinitely." Exhibit C,

---

[5] Analogously, the "interest of justice" test has long been rejected under California's litigation privilege as "a drastic departure from precedent and largely destructive of the principal purpose of the litigation privilege. … It would permit derivative tort suits in many, if not most, cases on the ground that an otherwise privileged communication was not made for the purpose of promoting justice, a charge easily and quickly made by an adversary." *Kashian*, 98 Cal. App. 4th at 918–19 (citations omitted).

Securities and Exchange Commission, *Key Points About Regulation SHO*. As a result, short sellers are oftentimes suspected of (and found to be involved in) "short and distort" scams. Indeed, Cohodes is not the flattering self-portrait he paints for this Court, e.g., DE1, at ¶132. At least two California courts have found, based on competent evidence, that Cohodes sought to make facts about a company his entities were holding short positions in to "appear more negative," and caused to publish baseless "defamatory statements" that Cohodes and is co-conspirators "supplied" "in reckless disregard of the truth," based on a "rigged" business model "for the purpose of negatively influencing the price of Overstock shares so [he and his company] could profit from short positions in Overstock shares." *Overstock.com, Inc. v. Gradient Analytics, Inc*. (2007) 151 Cal. App. 4th 688, 710-12 (Reardon, J., issuing a lengthy opinion affirming the trial court's findings); attached hereto as Exhibit A. Cohodes' hedge fund settled the case for $5 million. Exhibit E.

Even in connection with MiMedx, though two of its former executives were convicted on a securities fraud count and a conspiracy count and sentenced to one year respectively,[6] there is no genuine dispute that Cohodes went "too far" in his attacks against MiMedx, as reported by Bloomberg. Exhibit B. Though that article was released just prior to the issuance of the indictment, the majority of Cohodes' inflammatory accusations were never brought as charges against MiMedx or its executives, let alone proven. *Id*. (accusing MiMedex, *inter alia*, of "Medicare fraud, endangering patient safety, evidence destruction, extortion, rape and sexual harassment, influence peddling, … and bribery"). Cohodes now brings this classic SLAPP suit with the intent of silencing public criticism of him and to intimidate anyone who wishes to investigate him.

Potentially abusive short and naked short selling practices have long been the subject of public and governmental concern. The Securities and Exchange Commission recently exposed another "short and distort" scheme. *See, Sec. & Exch. Comm'n v. Lemelson*, 2022 WL 952264, at *3 (D. Mass. Mar. 30, 2022). Certain unlawful trading practices, such as naked short selling, are difficult to investigate, even by government officials. *See, e.g.,* Exhibit D, John D. Finnerty, *Short Selling, Death Spiral Convertibles, and the Profitability of Stock Manipulation* (March 2005), at **37-39, 41, 43,

---

[6] Former MiMedx CEO Petit was acquitted by the jury of the conspiracy charge. *See, Petit*, 2021 WL 673461, at *11 . The convictions are currently being appealed, 2nd Cir. No. 21-559, and are thus not final.

explaining how naked short sellers can camouflage their identity, intent, and trading activity. Such unlawful practices can have a devastating impact on a stock price. *Id*.

In the case at bar, Cohodes "voluntarily thrust [himself] into a discussion of public topics," which alone provides a basis to strike the Complaint. *Brodeur v. Atlas Ent., Inc.* (2016) 248 Cal. App. 4th 665, 676 (citing *Seelig v. Infinity Broad. Corp.* (2002) 97 Cal. App. 4th 798, 808 (granting anti-SLAPP motion on this basis); *Ingels v. Westwood One Broad. Servs., Inc.* (2005) 129 Cal. App. 4th 1050, 1068 (same). The foregoing issues heavily impact not only publicly traded companies, but also investors nationwide, and are thus unquestionably matters of public concern, which bars the Complaint for this additional reason.

## C. The Common Interest Privilege Applies.

The common-interest privilege would also bar any claims arising from any contractual relationships between Snowdy and parties who shared in interest in investigating abusive short sellers, as alleged by Cohodes. This privilege protects "communications made in good faith on a subject in which the speaker and hearer shared an interest or duty," *Kashian*, 98 Cal. App. 4th at 914. *See also, Hui v. Sturbaum* (2014) 222 Cal. App. 4th 1109, 1119 (barring defamation action against investigator because "[p]arties in a business or contractual relationship have the requisite 'common interest' for the privilege to apply") (citing *King v. United Parcel Service, Inc.* (2007) 152 Cal.App.4th 426). There is no dispute that Cohodes alleges that Snowdy was "requested by the person[s] interested to give … information," Cal.Civ.Code § 47(c), and the activity thus squarely falls within the common interest privilege. *See also, Jacques v. Bank of Am. Corp.*, 2016 WL 4548863, at *10 (E.D. Cal. Aug. 31, 2016) (finding that "participating institutions [that reviewed allegedly defamatory investigative report] share a common interest in knowing if former employees may have caused or attempted to cause financial loss").

## D. Cohodes' Republication Theory Fails.

Cohodes tries to artfully plead around the foregoing issues by suggesting Snowdy is liable for republication of his alleged findings through Catalyst/Callidus lawsuits against short sellers.[7] *See*,

---

[7] Under this theory, the originator of an allegedly defamatory matter can be held "liable for each such repetition if he could reasonably have foreseen the repetition." *Di Giorgio Corp. v. Valley Lab. Citizen* (Ct. App. 1968) 260 Cal. App. 2d 268, 273.

SPECIAL MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT PURSUANT TO C.C.P. § 425.16;
AND REQUEST FOR ATTORNEYS' FEES

DE1, ¶¶ 37, 49, 125, 135. This doctrine does not apply, however, if the litigation privilege immunizes the original statement. *Id*. Nor could it apply if the "republication" is alleged to be a lawsuit. Under Cohodes' novel proposition that a lawsuit following an alleged investigation and pre-litigation communications could be considered "republication," the litigation privilege would be rendered meaningless. "[A]n attorney has a 'nondelegable responsibility' to 'personally ... validate the truth and legal reasonableness of the papers filed, … and 'to conduct a reasonable factual investigation,' … . An attorney's signature on a complaint is tantamount to a warranty that the complaint is well grounded in fact...." *In re Connetics Corp. Sec. Litig.*, 542 F. Supp. 2d 996, 1005 (N.D. Cal. 2008). Cohodes even alleges throughout the Complaint that the parties who prepared to litigate abusive short sellers intended to verify the purported statements. DE1, at ¶¶ 35, 42, 44, 52. Finally, Cohodes does not even allege which false/defamatory allegations were allegedly made against him in that litigation.

### E.  Cohodes Cannot Establish Malice.

Because issues of public interest and the common-interest privilege are qualified, Snowdy addresses Cohodes' claims of malice, which must be shown to overcome conditional privileges. Should the Court agree that the litigation privilege bars the third and fourth causes of action, this inquiry is not relevant.

Cohodes' conclusory allegations of malice fail to meet his burden. *See, e.g., Bowles v. Constellation Brands, Inc.*, 444 F. Supp. 3d 1161, 1178 (E.D. Cal. 2020) (rejecting conclusory allegations of malice). "Malice for purposes of the statute means a state of mind arising from hatred or ill will, evidencing a willingness to vex, annoy or injure another person." *Kashian*, 98 Cal. App. 4th at 914–15 (citation and internal quotation marks omitted). "[M]alice is not inferred from the communication." *Id*. "Negligence is not malice. It is not sufficient to show that the statements in the report were inaccurate, or even unreasonable." *Cabanas v. Gloodt Assocs.*, 942 F. Supp. 1295, 1301 (E.D. Cal. 1996), *aff'd sub nom. Cabanas v. Gloodt Assocs., Inc.*, 141 F.3d 1174 (9th Cir. 1998). "If the occasion is conditionally privileged, if the defendant's primary motive is the advancement of the interest which the privilege protects and if he speaks in good faith, the mere fact that he harbors ill will toward the plaintiff should be a neutral factor." *Biggins v. Hanson* (1967) 252 Cal.App.2d 16, 20.

Cohodes will be unable to present conclusive evidence that Snowdy's alleged investigations and findings were "objectively baseless, in that no reasonable person could believe that [Cohodes was not] involved in" short-and-distort schemes, such as Cohodes' "rigged" scheme, as described by California courts in *Overstock.com Inc.*, *supra*, 151 Cal. App. 4th 688. *See*, *Tichinin v. City of Morgan Hill* (2009) 177 Cal. App. 4th 1049, 1072 (finding also that a good faith belief based on "rumors" refutes a finding of malice). Again, Cohodes was more than rumored to have orchestrated short and distort schemes in the past; indeed, the evidence showed just that in the *Overstock* case. His "bare assertion that [Snowdy's alleged statements] are false does not make it so, much less establish that [he] made the [alleged] statements maliciously." *Kashian*, 98 Cal. App. 4th at 932.

### F.  Any Amendments to the Complaint Would Be Futile.

The barring effect of the litigation privilege could not be cured by an amendment to the Complaint. All other allegations of defamation and false light invasion of privacy that are not specifically set forth under the third and fourth causes of action are also related to litigation activity, pursuant to the Complaint. *See,* DE1, at ¶¶35, 37 (alleging in connection with Guy's hearsay statements to the Catalyst/Callidus legal team that "Callidus was planning to file a lawsuit against the short sellers and others that were supposedly manipulating its securities."); *id.*, at ¶45 (alleging meeting with Catalyst lawyers); *id.*, at ¶49 (alleging as to Snowdy's alleged statements that "Callidus was planning to file a lawsuit against the short sellers and others that were supposedly manipulating its securities"); *id.*, at ¶51 (Cohodes admitting to "the subsequent Canadian litigation between Catalyst and short sellers it sued").

In paragraphs 52 and 53 of the Complaint, Cohodes does not allege that the emails Snowdy purportedly showed were mischaracterized. The only defamatory representations Cohodes alleges therein are the hearsay representations that Cohodes has "chinese (sic) backing" and that "anson partners (sic) Canada are the most dirty of the Wolfpack," however, even if these allegations were true, the hearsay communications[8] between counsel purporting to interpret Snowdy's representations fail to state a claim because, in addition to being protected under the litigation privilege, the attorneys

---

[8] Some courts have observed the difficulty in basing a claim of defamation on alleged hearsay. *See, e.g., Walker v. Boeing Corp.*, 218 F. Supp. 2d 1177, 1193 n.9 (C.D. Cal. 2002) (collecting cases).

were discussing further investigating these alleged claims. *Cf., Laker v. Bd. of Trustees of California State Univ.* (2019) 32 Cal. App. 5th 745, 766 (no defamation where evidence showed investigation was still ongoing, notwithstanding allegation that investigation was an illegal "sham").

Furthermore, these alleged statements are not reasonably susceptible of a defamatory interpretation in that they do not involve provable facts. A false publication is one that expresses provable facts, not merely opinions. *See, Gregory v. McDonnell Douglas Corp.* (1976) 17 Cal.3d 596, 604. In other words, "[a] statement must be provably false before there can be liability for defamation." *Paterson v. Little, Brown & Co.*, 502 F. Supp. 2d 1124, 1134–35 (W.D. Wash. 2007) (citing, e.g., *Milkovich v. Lorain Journal Co.,* 497 U.S. 1, 19–20, 110 S. Ct. 2695, 2706 (1990); *Phantom Touring, Inc. v. Affiliated Publications,* 953 F.2d 724, 728 (1st Cir.1992) ("a rip-off, a fraud, a scandal, a snake-oil job was mere hyperbole and, thus, protected opinion"); *Spelson v. CBS, Inc.,* 581 F.Supp. 1195 (N.D.Ill.1984) (expressions such as "unethical," "cancer con-artists," "cancer quacks," and "fraud" were constitutionally protected statements of opinion)). "Whether a statement is reasonably susceptible of a defamatory interpretation is a question of law." *Cnty. of Tuolumne v. Sonora Cmty. Hosp.,* 1 F. App'x 653, 654 (9th Cir. 2001) (holding that people's opinions, feelings, beliefs, and concerns are not susceptible to defamatory interpretation) (citing *Smith v. Maldonado* (Ct.App.1999) 72 Cal.App.4th 637 ("Only once the court has determined that a statement is reasonably susceptible to such a defamatory interpretation does it become a question for the trier of fact whether or not it was so understood.")).

To the extent Cohodes alleges defamation in connection with an anonymous email stating that "MiMedx was 'on the right track' in its lawsuit [against Sparrow] and purported to identify 'criminal short sellers' who were part of the 'MDXG cabal' and who "worked closely with Marc Cohodes," DE1, at ¶64, this claim, too, fails. Not only does Cohodes not to allege, beyond his conclusory claims, why he believes the email to have been sent by Snowdy, but even if it were, for the sake of argument, these statements are not reasonably susceptible of a defamatory interpretation. *See* cases cited *supra*. Additionally, Cohodes, at most, alleges that the email privately expressed support for claims that had already been filed by the recipient of the email and could thus not be susceptible to defamatory interpretation for this independent reason, let alone constitute a "publication" or "publicity."

SPECIAL MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT PURSUANT TO C.C.P. § 425.16;
AND REQUEST FOR ATTORNEYS' FEES

The foregoing defects are not cured by Cohodes' vague and conclusory inference that Snowdy contributed to certain articles and posts by MiMedx about Cohodes. DE1, ¶¶66-71. Cohodes conflictingly alleges also that Snowdy was retained much later. DE1, at ¶¶65-66, 68; DE1-1. Cohodes does not even identify those alleged false statements, and the claim that Snowdy "shopped" purported recordings of Cohodes to his adversaries does not help him in this context because he does not allege that he (Cohodes) made false statements about himself in those recordings. DE1, ¶ 66. *See also*, Snowdy Declaration, showing that Cohodes' section 632.7 and Wiretap claims are false.

Finally, the inference in paragraph 72 that Snowdy took responsible part in the contents of the January 26, 2018 MiMedx article is contradicted by Exhibit A to the Complaint. DE1-1; DE1, at ¶72 (MiMedx proposal predating its article by *days* and that the article mirrors MiMedx' own opinions).

In sum, any amendment to the Complaint would be futile, as it would have to necessarily contradict its current allegations or allege entirely new claims. "It is well-established that a plaintiff will not avoid the application of the anti-SLAPP statute by disguising the pleading as a 'garden variety' tort claim if the basis of the alleged liability is predicated on protected speech or conduct. Thus, a plaintiff cannot frustrate the purposes of the SLAPP statute through a pleading tactic of combining allegations of protected and nonprotected activity under the label of one 'cause of action.'" *Sparrow LLC v. Lora*, 2014 WL 12573525, at *3 (C.D. Cal. Dec. 4, 2014) (citing *Wang v. Wal-Mart Real Estate Bus. Trust* (2007) 153 Cal. App. 4th 790, 801-02). A complaint that must be stricken under the anti-SLAPP statute cannot be cured by an amendment. *See, Grant & Eisenhofer, P.A. v. Brown*, 2017 WL 6343506, at *9 (C.D. Cal. Dec. 6, 2017).

**G. This SLAPP Action Cannot Be Saved by Claims of Illegal Investigation.**

The argument that the anti-SLAPP statute does not bar an allegedly illegal "sham" investigation has recently been rejected in *Laker v. Bd. of Trustees of California State Univ*. (2019) 32 Cal. App. 5th 745, under similar circumstances. Alleged "conduct that would otherwise be protected by the anti-SLAPP statute does not lose its coverage simply because it is alleged to have been unlawful." *Id*., at 761–62. "If that were the test, the anti-SLAPP statute would be meaningless." *Id*. (citing *Hansen v. California Dept. of Corrections and Rehabilitation* (2008) 171 Cal.App.4th 1537, 1545). To prevail on the showing that the defendants conduct was "illegal *as a matter of law*[,]

---

13
SPECIAL MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT PURSUANT TO C.C.P. § 425.16;
AND REQUEST FOR ATTORNEYS' FEES

… [t]he defendant [either] *must* concede the point, or the evidence *conclusively demonstrate it*, for a claim of illegality to defeat an anti-SLAPP motion at the first step." *Id.* (emphasis added and in original) (citations omitted). Here, Snowdy neither concedes the point, nor could Cohodes present conclusive evidence to prove it as a matter of law. The evidence shows that Cohodes' section 632.7 and Wiretap claims are false. Snowdy Decl.

## VI.   PRONG TWO: COHODES IS NOT LIKELY TO PREVAIL.

Cohodes will be unable to demonstrate that he is likely to prevail under the second step of the anti-SLAPP analysis. Cohodes' claims are premised on privileged litigation activity and seek to invade the attorney-client relationship and work product doctrine. Indeed, "[t]he litigation privilege is also relevant to the second step in the anti-SLAPP analysis in that it may present a substantive defense a plaintiff must overcome to demonstrate a probability of prevailing." *TP Link*, 2020 WL 3063956, at *8. Cohodes essentially concedes that his Complaint is based on a handful of documents recently unsealed containing alleged hearsay. DE1, ¶¶ 7, 52, 58-59, 94. If this were not so, Cohodes' claims would likely also be barred under the statutes of limitations.

It is well-settled that the attorney-client privilege extends to communications between a lawyer and investigator. *See, e.g., Nat.-Immunogenics Corp. v. Newport Trial Grp.,* 2017 WL 10562991, at *3 (C.D. Cal. Sept. 18, 2017) ("Agents of attorneys are subject to the same attorney-client privilege as counsel"); *People v. Meredith* (1981) 29 Cal. 3d 682, 686. Similarly, "[t]he Supreme Court has held that the work product doctrine applies to documents created by investigators working for attorneys, provided the documents were created in anticipation of litigation." *In re Grand Jury Subpoena,* 357 F.3d 900, 907 (9th Cir. 2004) (citing *United States v. Nobles,* 422 U.S. 225, 238–39, 95 S.Ct. 2160 (1975)). Consistent with the *Noble* Court's holding that a contrary rule would have a chilling effect on investigations and effective representation, California courts recognize "the intimidating effect on attorneys [and their agents] of facing an almost certain retaliatory proceeding," if these privileges were not strictly observed. *Rubin,* 4 Cal. 4th at 1198. The evidence also reflects that recordings were made by the Royal Canadian Mounted Police, Snowdy, Decl., which would be protected under the law enforcement privilege.

## VII.   SNOWDY IS ENTITLED TO RECOVER ATTORNEYS' FEES AND COSTS.

Under the anti-SLAPP statute, "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 415.16(c)(1). The award of attorneys' fees and costs to a successful defendant is "mandatory." *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131; *Collins v. Allstate Indem. Co.*, 428 F. App'x 688, 690 (9th Cir. 2011). Thus, should the Court grant this motion to strike, Snowdy respectfully requests that the Court order Cohodes to pay all reasonable attorneys' fees and costs incurred in connection with the motion. In that event, Snowdy would file a separately noticed motion to establish the amount of those fees and costs. *See, Melbostad v. Fisher* (2008) 165 Cal. App. 4th 987, 992 ("In general, the party prevailing on a special motion to strike may seek an attorney fees award through three different avenues: simultaneously with litigating the special motion to strike, by a subsequent noticed motion, or as part of a cost memorandum at the conclusion of the litigation.").

## VIII.   CONCLUSION

For the foregoing reasons, Snowdy respectfully requests that the Court grant this Motion and strike Cohodes' Third and Fourth Claims for Relief and the allegations on which they are based, and award Snowdy his reasonable attorneys' fees and costs pursuant to further motion.

DATED: June 15, 2022                       Respectfully Submitted,

                                           SANCHEZ-MEDINA, GONZALEZ,
                                           QUESADA, LAGE, GOMEZ & MACHADO, LLP


                                           By:    *s/Gustavo D. Lage*
                                                  Gustavo D. Lage

                                           Attorneys for Defendant
                                           DERRICK SNOWDY

SPECIAL MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT PURSUANT TO C.C.P. § 425.16;
AND REQUEST FOR ATTORNEYS' FEES

## Certificate of Service

I hereby certify that on this 15th day of June, 2022, I electronically filed the foregoing **NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO C.C.P. § 425.16; AND REQUEST FOR ATTORNEYS' FEES AND COSTS (C.C.P. § 425.16(c)(1))** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Gilbert Gordon Walton<br>The Norton Law Firm<br>299 Third Street<br>Suite 200<br>Oakland, CA 94607 | *Attorneys for Plaintiff*<br>MARC COHODES<br><br>Tel.: 510-906-4900<br>Email: gwalton@nortonlaw.com |
| William Fred Norton , Jr.<br>The Norton Law Firm<br>299 Third Street, Suite 200<br>Oakland, CA 94607 | *Attorneys for Plaintiff*<br>MARC COHODES<br><br>Tel.: (510) 906-4900<br>Fax: (510) 906-4910<br>Email: fnorton@nortonlaw.com |
| James W. Christian<br>Christian Levine Law Group, LLC<br>2302 Fannin Street<br>Suite 500<br>Houston, TX 77002 | *Attorneys for Defendant*<br>DANIEL GUY<br><br>Tel.: (713) 659-7617<br>Fax: (713)659-7641<br>Email: jchristian@christianlevinelaw.com |
| Jamie L. Dupree<br>Futterman Dupree Dodd Croley Maier LLP<br>601 Montgomery Street, Suite 333<br>San Francisco, CA 94111 | *Attorneys for Defendant*<br>DANIEL GUY<br><br>Tel.: (415) 399-3840<br>Fax: (415) 399-3838<br>Email: jdupree@fddcm.com |

By:    *s/Gustavo D. Lage*
Gustavo D. Lage

Attorneys for Defendant
DERRICK SNOWDY