UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC COHODES,<br><br>    Plaintiff,<br><br>    v.<br><br>MIMEDX GROUP, INC., et al.,<br><br>    Defendants. | Case No. 3:22-cv-00368-JD<br><br>**ORDER RE PERSONAL JURISDICTION** |

Plaintiff Marc Cohodes is a "hedge fund manager" and "short seller" who says he "has exposed many publicly traded companies" engaged in fraud and other nefarious conduct. Dkt. No. 1 ¶ 1. Defendant Daniel Guy is an officer and director of a hedge fund that is said to have lost money after Cohodes exposed one of its investment companies. *Id.* ¶ 4. Cohodes alleges that Guy hired defendant Derrick Snowdy, a private eye, to spy on him in California for information that could be used to get back at Cohodes for the investment loss. *Id.* Cohodes says defendant MiMedx Group hired Snowdy for the same purposes in response to Cohodes's investigation into that company, which did not involve Guy or his fund. *Id.* ¶ 5. Cohodes alleges that Guy and Snowdy violated the California Invasion of Privacy Act, Cal. Penal Code § 630 *et seq.*, and the federal Wiretap Act, 18 U.S.C. § 2511, and committed defamation and a common law invasion of privacy. *Id.* ¶¶ 86-137.

Guy states that he is a Canadian citizen who lives in Bermuda, and has no ties to California. Dkt. No. 49 at 1. He asks to dismiss the claims against him under Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction. *Id.*

The parties agree that the question of personal jurisdiction over Guy hinges on whether Snowdy was acting as Guy's agent and subject to his control when he is said to have spied on

Cohodes in California. *See* Dkt. No. 49 at 1-2; Dkt. No. 53 at 1; *see also* Dkt. No. 1 ¶ 14 (alleging in the complaint that the Court "has personal jurisdiction over Guy because Snowdy was at all relevant times herein acting as Guy's agent and at Guy's direction"). The record presently before the Court is an underdeveloped patchwork of conflicting facts and claims. Consequently, a period of jurisdictional discovery targeted specifically at the agency issue is warranted. The motion to dismiss is denied without prejudice to renewal after the discovery is conducted.

"When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Will Co., Ltd. v. Lee*, 47 F.4th 917, 921 (9th Cir. 2022). "When the Defendant's motion is based on written materials rather than an evidentiary hearing, as is the case here, 'we only inquire into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction.'" *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). Uncontroverted allegations in the complaint must be taken as true, and "[c]onflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger*, 374 F.3d at 800; *see also McCarthy v. Intercontinental Exch., Inc.*, No. 20-cv-05832-JD, 2022 WL 4227247, at *1 (N.D. Cal. Sept. 13, 2022). On the other hand, the Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (quotation omitted); *see also Daramola v. Oracle Am., Inc.*, No. 19-cv-07910-JD, 2020 WL 5577146, at *1 (N.D. Cal. Sept. 16, 2020).

When, as here, no federal statute authorizes personal jurisdiction, the Court applies the law of the state in which it sits. *See Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). California's long-arm statute, Cal. Code Civ. Proc. § 410.10, is coextensive with the limits of the Constitution's due process clause, so the Court need only ensure that that clause permits the exercise of jurisdiction over defendant. *See Schwarzenegger*, 374 F.3d at 800-01; *see also Gevorkyan v. Bitmain Techs. Ltd.*, No. 18-cv-07004-JD, 2022 WL 3702093, at *2 (N.D. Cal. Aug. 26, 2022).

Personal jurisdiction comes in two varieties, general and specific. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). Cohodes argues only that specific jurisdiction exists over Guy. Dkt. No. 53. "For cases sounding in tort, as here, a defendant has sufficient minimum contacts with the forum state to establish specific personal jurisdiction if: (1) the defendant purposefully directs activities toward the forum state, (2) the plaintiff's claim arises out of or relates to those activities, and (3) an exercise of jurisdiction would be reasonable." *Burri Law PA v. Skurla*, 35 F.4th 1207, 1212 (9th Cir. 2022).

"When a plaintiff relies on specific jurisdiction, he must establish that jurisdiction is proper for each claim asserted against a defendant." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (internal quotation and citation omitted). "If personal jurisdiction exists over one claim, but not others, the district court may exercise pendent personal jurisdiction over any remaining claims that arise out of the same 'common nucleus of operative facts' as the claim for which jurisdiction exists." *Id.* (citation omitted).

Agency is a legal relationship in which an agent acts "on the principal's behalf and subject to the principal's control." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024 (9th Cir. 2017) (citing Restatement (Third) of Agency § 1.01 (2006)). The principal must have the right to substantially control the agent's activities for an agency relationship to arise. *See id.* at 1025. The Supreme Court has recognized that agency relationships "may be relevant to the exercise of specific jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 135 n.13 (2014) (emphasis omitted); *see also CZ Servs., Inc. v. Anthem Ins. Cos., Inc.*, No. 19-cv-04453-JD, 2022 WL 4126281, at *2 (N.D. Cal. Sept. 9, 2022). The Ninth Circuit has stated that, "[f]or purposes of personal jurisdiction, the actions of an agent are attributable to the principal." *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990); *see also Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 85 (2d Cir. 2018) (imputing contacts to principal from agent acting "for the benefit of, with the knowledge and consent of, and under some control by, the nonresident principal" would be "consonant with the due process principle that a defendant must have purposefully availed itself of the privilege of doing business in the forum") (internal quotations and citations omitted).

3

1    Applying these principles here, an argument can be made, as Guy suggests, that the
2  complaint is not necessarily rock solid on personal jurisdiction facts. The complaint says that Guy
3  "hired Snowdy to investigate whether a group of short sellers -- including Cohodes -- was acting
4  in concert to manipulate the share price of Concordia Healthcare," and paid Snowdy "$25,000 per
5  month, plus expenses, for his services." Dkt. No. 1 ¶ 23. It also says that Snowdy went to
6  California "as part of the ongoing scheme to surveil Cohodes." *Id.* ¶¶ 26-27. Overall, this is a bit
7  thin, and the rather conclusory allegation that Snowdy conducted surveillance "at the direction of
8  Guy, while acting as Guy's agent or employee," *id.* ¶ 91, does not materially advance the personal
9  jurisdiction analysis. *See Williams*, 851 F.3d at 1025 n.5.
10   Even so, Cohodes filed exhibits in opposition to Guy's motion that included
11 communications between Guy and another hedge fund manager which discuss Snowdy and his
12 investigation. Dkt. No. 53-1 ¶¶ 6-7; Dkt. No. 53-6. In one message, Guy wrote: "my guy still has
13 a good relationship with these pricks if you want to get him wired up . . . that can be done. I
14 recently did that on another file with him and the FBI and that guy is now behind bars." Dkt. No.
15 53-6 at 11. In another message, Guy responds to concerns that his "pi" is a "double agent": "If he
16 took any money from anyone on the other side. He will go to jail." *Id.* at 17. The context of the
17 conversation indicates that "my guy" refers to Snowdy. *Id.* at 19, 24. There are also several
18 messages in which Guy says that he could not "control" Snowdy. *Id.* at 24, 26-27.
19   Guy suggests that Cohodes "deceivingly" quoted these materials and that the record does
20 not indicate facts sufficient to establish personal jurisdiction. *See* Dkt. No. 56 at 4-5. This is why
21 development of the evidence is warranted. "A court may permit discovery to aid in determining
22 whether it has in personam jurisdiction." *Data Disc, Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280,
23 1285 n.1 (9th Cir. 1977). "'Discovery may be appropriately granted where pertinent facts bearing
24 on the question of jurisdiction are controverted or where a more satisfactory showing of the facts
25 is necessary.'" *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (quoting *Data Disc*,
26 539 F.3d at 1285 n.1). There is "more than a hunch" here that discovery will yield jurisdictionally
27 relevant facts. *Id.*
28

Consequently, limited jurisdictional discovery is ordered. Cohodes may conduct discovery targeted at the pertinent facts as discussed in this order. The Court emphasizes that the discovery should be tightly focused, and must be completed by February 27, 2023. Any discovery disputes should be raised using the letter brief process described in the Court's civil discovery standing order.

After the jurisdictional discovery is completed, Cohodes should file an amended complaint that includes the facts he will rely on for specific jurisdiction over Guy. The amended complaint must be filed by March 13, 2023. Guy may renew the motion to dismiss as warranted by developments. The Court defers resolution of whether specific jurisdiction may be exercised over Cohodes's claim against Guy for defamation -- which is not premised on Snowdy's contacts with California -- and if so, whether pendant personal jurisdiction could be exercised over the other three claims.

**IT IS SO ORDERED.**

Dated: October 27, 2022

JAMES DONATO
United States District Judge

5