FRED NORTON (CA SBN 224725)
fnorton@nortonlaw.com
GIL WALTON (CA SBN 324133)
gwalton@nortonlaw.com
LEAH JUDGE (CA SBN 302406)
ljudge@nortonlaw.com
THE NORTON LAW FIRM PC
299 Third Street, Suite 200
Oakland, CA 94607
Telephone: (510) 906-4900

Attorneys for Plaintiff
MARC COHODES

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARC COHODES, an individual, | Case No. 3:22-CV-00368 RFL (KAW) |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| MIMEDX GROUP, INC., a Florida corporation, DERRICK SNOWDY, an individual; and DANIEL GUY, an individual, | |
| Defendants. | |

1

Plaintiff Marc Cohodes ("Plaintiff") and Defendants MiMedx Group, Inc., Derrick Snowdy, and Daniel Guy ("Defendants") (collectively "the parties") submit the following Joint Case Management Statement:

**Items to Be Addressed per Order Dated November 27, 2023**

 A. **Date Filed**

January 19, 2022.

 B. **Parties**

Plaintiff Marc Cohodes is a former hedge fund manager, a long-time stock market analyst, and a successful short seller who has exposed publicly traded companies and individuals who were engaged in fraudulent conduct. Cohodes resided in Sonoma County, California during the events relevant to the lawsuit. Defendant Derrick Snowdy is a Canadian private investigator. Defendant Danny Guy is a Canadian citizen who resides in Bermuda. Guy is the Chief Investment Officer and Director of Harrington Global Limited and Harrington Global Opportunities Fund. Defendant MiMedx Group Inc. is a publicly traded biomedical company based in Marietta, Georgia,

 C. **Claims**

Mr. Cohodes asserts five causes of action: (1) Violation of the California Invasion of Privacy Act Under California Penal Code § 632.7 (against all defendants); (2) Violation of the Wiretap Act (18 U.S.C. §§ 2511) (against all defendants); (3) Defamation – Slander Under California Civil Code § 46 (against defendants Snowdy and Guy); (4) False Light Invasion of Privacy (against defendants Snowdy and Guy); and (5) Trespass (against Defendant Snowdy).

 D. **Facts**

Plaintiff Cohodes alleges that Defendant Snowdy illegally recorded Cohodes's phone calls, first at the direction of Defendant Guy, and later, at the direction of Defendant MiMedx. Plaintiff Cohodes alleges that these illegal recordings were made at least between 2016 and 2020. Cohodes also alleges that both Guy and Snowdy made numerous false assertions of fact to third parties in Canada that were intended to falsely portray Cohodes as a criminal, actively conspiring with other criminals to manipulate public securities markets, launder money, and evade taxes. Cohodes further alleges that Snowdy made these alleged statements while acting as Guy's agent or employee.

Cohodes contends that Guy paid Snowdy $25,000 per month to surveil Cohodes, illegally record his phone calls, and then shop those recordings to other companies in an effort to damage Cohodes's professional reputation. As part of that scheme, Cohodes alleges that Snowdy physically travelled to California where he met with and surveilled Cohodes at his Sonoma, California home. Cohodes alleges that Snowdy also unlawfully recorded at least one phone call that Cohodes made while in California and otherwise traveled to California to "infiltrate" a supposed conspiracy of stock manipulators, one of whom was purportedly Cohodes.

Cohodes alleges that in early 2018, MiMedx hired and instructed Snowdy to spy on Cohodes and illegally record his phone calls. MiMedx and its executives, frustrated that Cohodes had uncovered and disclosed evidence of accounting fraud and other improprieties at the company, sought to discredit Cohodes, cover up the misconduct he had exposed, and avoid securities fraud prosecutions. Cohodes further alleges that MiMedx and Snowdy entered into a signed, written agreement pursuant to which MiMedx set out fourteen "objectives" that required Snowdy to surveil Cohodes by engaging in fraud, deceit, and unlawful wiretapping. Ultimately. MiMedx admitted to accounting irregularities and its CEO was convicted of securities fraud.

Cohodes did not discover these schemes until, in May and August 2021, documents in unrelated lawsuits in Canada and the United States became public.

The key factual disputes include: (1) whether Snowdy recorded Cohodes's phone calls without Cohodes's consent; (2) whether Snowdy was acting at the direction of Guy when he recorded Cohodes's phone calls without Cohodes's consent; (3) whether Snowdy was acting at the direction of MiMedx when he recorded Cohodes's phone calls; (4) whether Snowdy made false statements of fact about Cohodes to third parties, including asserting that Cohodes was engaged in illegal market manipulation; (5) whether Snowdy made these false statements of fact at the direction of Guy; and (6) whether Guy made false statements of fact about Cohodes.

E.  **Legal Issues**

Central legal disputes include:

- Whether Snowdy violated the California Invasion of Privacy Act, California Penal Code § 632.7, by intentionally recording phone calls with Cohodes without Cohodes's consent.

- Whether Snowdy violated the federal Wiretap Act, 18 U.S.C. § 2511, by intentionally recording phone calls with Cohodes without Cohodes's consent and for the purpose of committing the California torts of defamation and false light invasion of privacy.  Although the Wiretap Act generally only requires the consent of one party to a communication to record the communication, a party may not record a communication for the purpose of committing any criminal or tortious act in violation of federal or state law, see 18 U.S.C. § 2511(2)(d); thus, this claim also presents the issue whether Snowdy recorded the communications for the purpose of committing a crime or tortious act.
- Whether Snowdy violated California Civil Code § 46 by making numerous false assertions of fact that were intended to, and in fact did, portray Cohodes as a criminal, actively conspiring with other criminals to manipulate public securities markets, launder money, and evade taxes.
- Whether Snowdy invaded Cohodes's privacy under California law, Cal. Const. art. I, § 1, by portraying Cohodes in a false light by repeatedly asserting that Cohodes was involved in illegal market manipulation.
- Whether Snowdy trespassed under California law by obtaining Cohodes's consent to enter and remain on Cohodes's property by falsely holding himself out as aligned with Cohodes, when in fact Snowdy had been hired to spy on Cohodes and attempt to gather evidence that Cohodes was a criminal.
- Whether the Court may exercise personal jurisdiction over Defendant Guy.
- Whether Guy is liable for Snowdy's violations of the California Invasion of Privacy Act and the federal Wiretap Act on the grounds that Snowdy committed those wrongful acts while acting as Guy's agent and at his direction.
- Whether Snowdy recorded the communications for the purpose of Guy committing a crime or tortious act, see 18 U.S.C. § 2511(2)(d), including but not limited to defamation.
- Whether Guy, through his own statements or through Snowdy acting as his agent, violated California Civil Code § 46 by making – and/or by directing Snowdy to make – numerous false assertions of fact that were intended to, and in fact did, portray Cohodes as a criminal, actively

conspiring with other criminals to manipulate public securities markets, launder money, and evade taxes.

- Whether Guy, through his own statements or through Snowdy acting as his agent, invaded Cohodes's privacy under California law, Cal. Const. art. I, § 1, by portraying – and/or directing Snowdy to portray – Cohodes in a false light by repeatedly asserting that Cohodes was involved in illegal market manipulation.
- Whether MiMedx is liable for Snowdy's violations of the California Invasion of Privacy Act and the federal Wiretap Act on the grounds that Snowdy committed those wrongful acts while acting as MiMedx's agent and at MiMedx's direction.
- Whether Snowdy recorded the communications for the purpose of MiMedx committing a crime or tortious act, see 18 U.S.C. § 2511(2)(d), including but not limited to defamation and securities fraud.

**F.     Relief**

Plaintiff seeks: (1) Statutory damages in the amount of $5,000 per violation of California Penal Code § 632.7, or treble actual damages, whichever is greater; (2) for all remedies specified in the Wiretap Act, 18 U.S.C. § 2520, including the sum of actual damages suffered by Cohodes and any profits made by the Defendants as a result of the violations or statutory damages as authorized by 18 U.S.C. § 2520(2)(B), whichever is greater; (3) compensatory damages according to proof at trial; (4) punitive damages in an amount sufficient to punish the Defendants' wrongful conduct and to deter future misconduct; (5) the return of all documents, information, and data that the Defendants unlawfully obtained from Cohodes; (6) disgorgement of all sums that Defendant Snowdy obtained from Defendant Guy, Defendant MiMedx Group, Inc., or any other person or entity as a result of his violations of Cohodes's rights; (7) permanent injunctive relief enjoining Snowdy from recording the cellular or cordless telephone communications of Cohodes without the consent of all parties to those communications; (8) permanent injunctive relief enjoining Guy or his agents from recording the cellular or cordless telephone communications of Cohodes without the consent of all parties to those communications; (9) permanent injunctive relief enjoining MiMedx or its agents from recording the

cellular or cordless telephone communications of Cohodes without the consent of all parties to those communications; and (9) such other relief as the Court may deem just and proper.

### G. Discovery

Defendant Guy moved to dismiss for lack of personal jurisdiction and, on October 27, 2022, the Court denied Defendant Guy's motion without prejudice, ordered limited jurisdictional discovery targeted specifically at whether Snowdy's actions in California were while he was acting as Guy's agent and under Guy's control, and permitted Defendant Guy to renew his motion "as warranted by developments." Dkt. 75. Jurisdictional discovery closed on December 4, 2023, and Cohodes must file an amended complaint by December 18, 2023. Fact discovery closes on August 28, 2024.

<u>Cohodes and MiMedx</u>: Plaintiff Cohodes and Defendant MiMedx Group, Inc., have engaged in discovery. The parties have exchanged Requests for Production of documents and objections and responses thereto. Both parties have produced documents, but neither party believes the other party's production is complete. Cohodes and MiMedx are continuing to meet and confer on these issues. Their next meet and confer is scheduled for Monday, December 11. Cohodes has served, and MiMedx has responded to, his First Requests for Admission.

<u>Cohodes and Guy</u>: Plaintiff Cohodes and Defendant Guy have engaged in jurisdictional discovery. Cohodes served his First Request for Production of Documents for the Purpose of Jurisdictional Discovery on November 30, 2022. Guy served initial responses in January and February 2023. Guy served his fourth set of responses on December 7, 2023. The parties have disputed the adequacy of the production and engaged in extensive meet and confer sessions. The parties have also disputed whether Guy is required to produce documents in the possession of Harrington Global Opportunities Fund and Harington Global Limited, entities that Guy wholly owns. The parties have submitted, and Judge Westmore has resolved, two joint discovery letters. Cohodes deposed Guy for the purposes of jurisdictional discovery on December 7, 2023. Cohodes anticipates additional motions practice related to these discovery issues, as well as issues raised in Guy's deposition.

<u>Cohodes and Snowdy</u>: Plaintiff Cohodes and Defendant Snowdy have engaged in discovery. In November 2022, Plaintiff Cohodes served his First Request for Production of Documents for the Purpose of Jurisdictional Discovery on Defendant Snowdy, to which Snowdy responded in January

2023.  Snowdy has not produced any documents but has submitted three declarations asserting he has searched for and found no responsive documents.  Cohodes has disputed Snowdy's claim that he possesses no responsive documents.  Snowdy has asserted that discovery is stayed as to him; Cohodes disputes this.  The aforementioned disputes have been raised with, and ruled on by, Judge Westmore through three joint discovery letters.  The Court held that discovery is not automatically stayed as to Snowdy on December 8, 2023, but encouraged discussion among the parties and directed Snowdy to move for a "traditional stay of discovery."  Dkt. 112.  Cohodes anticipates additional motions practice.

<u>Non-Party Discovery</u>: Cohodes has served subpoenas to produce documents on the third parties Peter Barakett; Mintz Group; Parker H. Petit; Wargo French Singer LLP; Prescience Point Capital Management, LLC; Roddy Boyd; and Alexandra "Lexi" Haden.  Cohodes also anticipates seeking the issuance of Letters Rogatory to obtain testimony and documents from witnesses in Canada, including Naomi Lutes, Thomas Klatt, Newton Glassman, and James Riley.

### H.  Related Cases

The Parties are not aware of any related case or proceeding pending before another judge of this Court or before another court or administrative body.  Cohodes notes that he is the plaintiff in another matter, *Cohodes v. United States Department of Justice*, No. 4:20-cv-04015-SBA (N.D. Cal.).  In that matter, Cohodes asserts a FOIA claim seeking documents related to MiMedx's former (now convicted) CEO having asked a sitting United States Senator to have the FBI visit Cohodes at his home and threaten him with investigation or prosecution if he continued to speak out about MiMedx, which the FBI did.

### I.  Procedural History

Defendant MiMedx filed a motion to dismiss Cohodes's claims against it on March 3, 2022, pursuant to Federal Rule of Civil Procedure 12(b)(6).  That motion was denied on April 12, 2022.  *See* Dkt. 28.

Defendant Guy filed a motion to dismiss for lack of personal jurisdiction on June 8, 2022, pursuant to Rule 12(b)(2).  Dkt. 49.  On October 27, 2022, the Court denied Defendant Guy's motion without prejudice, ordered limited jurisdictional discovery, and permitted Defendant Guy to renew his motion "as warranted by developments."  Dkt. 75.  The Court ordered jurisdictional discovery

completed by February 27, 2023. *Id*. The parties agreed to extend the jurisdictional discovery cutoff four times. *See* Dkts. 81, 84, 90, 96. On October 6, 2023, Judge Martínez-Olguín ordered the parties to complete jurisdictional discovery by December 4, 2023, and set December 18, 2023 as the deadline for Mr. Cohodes to file an amended complaint. Dkt. 102.

Defendant Snowdy filed a special anti-SLAPP motion to strike portions of the Complaint pursuant to C.C.P. § 425.16 and a motion to dismiss pursuant to Rule 12(b)(6) on June 15, 2022. Dkts. 51, 52. In February 2023, Judge Donato "terminated" both motions "without prejudice to renewal after the amended complaint is filed." Dkt. 81.

On August 7, 2023, Judge Martínez-Olguín referred all further discovery and discovery disputes to a Magistrate Judge. Plaintiff Cohodes and Defendant Snowdy have filed three joint letters concerning discovery disputes, Dkts. 91, 99, 100. Plaintiff Cohodes and Defendant Guy have filed two joint letters concerning various discovery disputes. Dkts. 92, 101. Magistrate Judge Westmore ruled on these letters on August 22, 2023 and October 25, 2023. Dkt. 94 (addressing Dkts. 91, 92); Dkt. 103 (addressing Dkts. 99-101).

On November 7, 2023, Defendant Snowdy filed a Motion for Relief from Judge Westmore's October 25, 2023 Order. Dkt. 104. The Court did not order Plaintiff Cohodes to respond, and the motion was deemed denied by operation of Local Rule 72-2(d) on November 22, 2023. On November 23, 2023, Snowdy filed a Motion for Leave to File Motion for Reconsideration and Request for a Reasoned Decision Re: Motion For Relief From Nondispositive Pretrial Order Of Magistrate Judge. Dkt. 107. The Court denied Snowdy's motion on December 8, 2023. Dkt. 112.

**J.      Deadlines**

| Event | Deadline |
|---|---|
| Close of Jurisdictional Discovery | Dec. 4, 2023 |
| Amended Complaint / Additional Parties Due | Dec. 18, 2023 |
| Close of Fact Discovery | Aug. 28, 2024 |
| Expert Disclosures Due | Sept. 19, 2024 |
| Rebuttal Experts Due | Oct. 10, 2024 |
| Close of Expert Discovery | Oct. 25, 2024 |
| Dispositive Motions | Oct. 31, 2024 |
| Hearing on Dispositive Motions | Dec. 12, 2024 |
| Pre-Trial Conference | Mar. 27, 2025 |
| Jury Trial Begins | Apr. 22, 2025 |

**K.     Any Modification of Deadlines**

Cohodes does not seek to modify any existing deadlines. However, discovery to date has proceeded slowly and Cohodes believes the deadlines might require an adjustment. If Guy's motion to dismiss on personal jurisdiction is not granted, he reserves the right to seek additional time to complete discovery.

**L.     Consent to Magistrate**

Defendant MiMedx has declined to consent to have a magistrate judge for trial. *See* Dkt. 14.

**M.     Emergency**

The parties do not believe there is an immediate need for a case management conference to be scheduled.

Dated: December 11, 2023

Respectfully submitted,

THE NORTON LAW FIRM PC

By: */s/ Fred Norton*
Fred Norton
Attorneys for Plaintiff
MARC COHODES

Dated: December 11, 2023

Respectfully submitted,

DYKEMA GOSSETT LLP

By: */s/ Ashley R. Fickel*
Ashley R. Fickel
Attorneys for Defendant
MIMEDX GROUP, INC.

Dated: December 11, 2023

Respectfully submitted,
CHRISTIAN ATTAR

By: */s/ James Wes Christian*
James Wes Christian
Attorneys for Defendant
DANIEL GUY

Dated: December 11, 2023

Respectfully submitted,
SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO LLP

By: */s/ Gustavo D. Lage*
Gustavo D. Lage
Attorneys for Defendant
DERRICK SNOWDY

**ATTESTATION**

I, Leah Judge, hereby attest that concurrence in the filing of this Joint Case Management Statement has been obtained from all individuals with conformed signatures above.

Dated: December 11, 2023

Respectfully submitted,

THE NORTON LAW FIRM PC

By: /s/ Leah Judge
Leah Judge
Attorneys for Plaintiff
MARC COHODES