FRED NORTON (CA SBN 224725)
fnorton@nortonlaw.com
GIL WALTON (CA SBN 324133)
gwalton@nortonlaw.com
LEAH JUDGE (CA SBN 302406)
ljudge@nortonlaw.com
THE NORTON LAW FIRM PC
299 Third Street, Suite 200
Oakland, CA 94607
Telephone: (510) 906-4900

Attorneys for Plaintiff

MARC COHODES

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARC COHODES, an individual,<br><br>Plaintiff,<br>v.<br><br>MIMEDX GROUP, INC., a Florida corporation, DERRICK SNOWDY, an individual; DANIEL GUY, an individual; and HARRINGTON GLOBAL OPPORTUNITIES FUND, LTD, a Bermuda corporation,<br><br>Defendants. | Case No. 3:22-CV-00368-RFL (KAW)<br><br>**JOINT UPDATED CASE MANAGEMENT STATEMENT** |

Plaintiff Marc Cohodes ("Plaintiff") and Defendants MiMedx Group, Inc., Derrick Snowdy, and Daniel Guy ("Defendants") (collectively "the Parties") submit the following Joint Updated Case Management Statement:

**A.   Date Filed**

January 19, 2022.

**B.   Parties**

Plaintiff Marc Cohodes is a former hedge fund manager, a long-time stock market analyst, and a successful short seller who has exposed publicly traded companies and individuals who were engaged in fraudulent conduct.  Cohodes resided in Sonoma County, California, during the events relevant to the lawsuit.  Defendant Derrick Snowdy is a Canadian private investigator.  Defendant Danny Guy is a Canadian citizen who resides in Bermuda.  Defendant Harrington Global Opportunities Fund, Ltd, is a Bermuda corporation.  Guy is the Chief Investment Officer and Director of Harrington Global Limited and Harrington Global Opportunities Fund, Ltd.  Defendant MiMedx Group Inc. is a publicly traded biomedical company based in Marietta, Georgia.

**C.   Claims**

*A summary of all claims, counter-claims, cross-claims, or third party claims;*

Mr. Cohodes asserts five causes of action: (1) Violation of the California Invasion of Privacy Act Under California Penal Code § 632.7 (against all defendants); (2) Violation of the Wiretap Act (18 U.S.C. § 2511) (against all defendants); (3) Defamation – Slander Under California Civil Code § 46 (against defendants Snowdy, Guy, and Harrington Global Opportunities Fund, Ltd); (4) False Light Invasion of Privacy (against defendants Snowdy, Guy, and Harrington Global Opportunities Fund, Ltd); and (5) Trespass (against defendant Snowdy).

**D.   Facts**

Plaintiff Cohodes alleges that Defendant Snowdy, at the direction of Defendants Guy (who hired Snowdy through Defendant Harrington Global Opportunities Fund, Ltd, as well as lawyer intermediaries) and MiMedx, illegally recorded Cohodes's phone calls and that Snowdy, Guy and Harrington Global Opportunities Fund, Ltd. then selectively disclosed, distorted, and misrepresented Cohodes's phone calls, emails, and private conversations in an effort to damage his reputation and

undermine his credibility with public securities markets and regulatory authorities in the United States and Canada. Plaintiff Cohodes alleges that these illegal recordings were made at least between 2016 and 2020.

Cohodes contends that Guy, through Harrington Global Opportunities Fund, paid Snowdy $25,000 per month to surveil Cohodes, illegally record his phone calls, and then shop those recordings to other companies in an effort to damage Cohodes's professional reputation. As part of that scheme, Cohodes alleges that Snowdy physically travelled to California where he met with and surveilled Cohodes at his Sonoma, California home. Snowdy also unlawfully recorded at least one phone call that Cohodes made while in California and otherwise traveled to California to "infiltrate" a supposed conspiracy of stock manipulators, one of whom was purportedly Cohodes.

Cohodes alleges that in early 2018, MiMedx hired and instructed Snowdy to spy on Cohodes and illegally record his phone calls. MiMedx and its executives, frustrated that Cohodes had uncovered and disclosed evidence of accounting fraud and other improprieties at the company, sought to discredit Cohodes, cover up the misconduct he had exposed, and avoid securities fraud prosecutions. Cohodes further alleges that MiMedx and Snowdy entered into a signed, written agreement pursuant to which MiMedx set out fourteen "objectives" that Cohodes alleges could only have been accomplished by Snowdy surveilling Cohodes in a manner involving fraud, deceit, and unlawful wiretapping. Ultimately, MiMedx admitted to accounting irregularities and its CEO was convicted of securities fraud.

Cohodes did not discover these schemes until, in May and August 2021, documents in unrelated lawsuits in Canada and the United States became public. Key factual disputes include: (1) whether Snowdy recorded Cohodes's phone calls without Cohodes's consent; (2) whether Guy retained Snowdy to surveil Cohodes; (3) whether Harrington Global Opportunities Fund, Ltd. retained Snowdy to surveil Cohodes; (4) whether Snowdy was acting at the direction of Guy and/or Harrington Global Opportunities Fund, Ltd, when he allegedly recorded Cohodes's phone calls without Cohodes's consent; (5) whether Snowdy was acting at the direction of MiMedx when he allegedly recorded Cohodes's phone calls; (6) whether Snowdy made false statements of fact about Cohodes to third parties, including asserting that Cohodes was engaged in illegal market manipulation; (7) whether Snowdy made these

alleged false statements of fact at the direction of Guy and/or Harrington Global Opportunities Fund, Ltd; and (8) whether Guy made false statements of fact about Cohodes.

### E. Legal Issues

Central legal disputes include:

- Whether Snowdy made any illicit recordings of Cohodes.
- Whether Snowdy violated the California Invasion of Privacy Act, California Penal Code § 632.7, by allegedly intentionally recording phone calls with Cohodes without Cohodes's consent.
- Whether Snowdy violated the federal Wiretap Act, 18 U.S.C. § 2511, by allegedly intentionally recording phone calls with Cohodes without Cohodes's consent and for the purpose of committing the California torts of defamation and false light invasion of privacy, and whether Snowdy allegedly recorded the communications for the purpose of committing a crime or tortious act.
- Whether Snowdy violated California Civil Code § 46 by allegedly making numerous false assertions of fact that were intended to, and in fact did, portray Cohodes as a criminal, actively conspiring with other criminals to manipulate public securities markets, launder money, and evade taxes.
- Whether Snowdy invaded Cohodes's privacy under California law, Cal. Const. art. I, § 1, by allegedly portraying Cohodes in a false light by repeatedly asserting that Cohodes was involved in illegal market manipulation.
- Whether Snowdy trespassed under California law by obtaining Cohodes's consent to enter and remain on Cohodes's property by falsely holding himself out as aligned with Cohodes, when, Cohodes claims, Snowdy had been hired to spy on Cohodes and attempt to gather evidence that Cohodes was a criminal.
- Whether Cohodes' claims against Snowdy are barred under California's anti-SLAPP statute.
- Whether the alleged statements, if made, are susceptible to defamatory interpretation.
- Whether Cohodes' allegations amount to "publicity" or "republication."
- Whether Snowdy can be held responsible for litigation conducted by third parties.
- Whether the need to apply foreign law favors dismissal based on forum *non conveniens.*

- Whether the Court may exercise jurisdiction over Defendant Guy.
- Whether Defendant Harrington Global Opportunities Fund, Ltd, is Guy's alter ego.
- Whether Guy is liable for Snowdy's alleged violations of the California Invasion of Privacy Act and the federal Wiretap Act on the grounds that Snowdy committed those wrongful acts while acting as Guy's agent and at his direction—either directly or through Harrington Global Opportunities Fund.
- Whether Snowdy recorded the communications for the purpose of Guy committing a crime or tortious act, see 18 U.S.C. § 2511(2)(d), including but not limited to defamation.
- Whether Harrington Global Opportunities Fund is liable for Snowdy's alleged violations of the California Invasion of Privacy Act and the federal Wiretap Act on the grounds that Snowdy committed those wrongful acts while acting as Harrington Global Opportunities Fund's agent and at its direction.
- Whether Snowdy recorded any communications for the purpose of Harrington Global Opportunities Fund committing a crime or tortious act, see 18 U.S.C. § 2511(2)(d), including but not limited to defamation.
- Whether Guy, through his own statements or through Snowdy acting as his agent, violated California Civil Code § 46 by making – and/or by directing Snowdy to make – numerous false assertions of fact that were intended to, and in fact did, portray Cohodes as a criminal, actively conspiring with other criminals to manipulate public securities markets, launder money, and evade taxes.
- Whether Guy, through his own statements or through Snowdy acting as his agent, invaded Cohodes's privacy under California law, Cal. Const. art. I, § 1, by portraying – and/or directing Snowdy to portray – Cohodes in a false light by repeatedly asserting that Cohodes was involved in illegal market manipulation.
- Whether Harrington Global Opportunities Fund, through Snowdy acting as its agent, violated California Civil Code § 46 by directing Snowdy to make numerous false assertions of fact that were intended to, and allegedly portrayed Cohodes as a criminal, actively conspiring with other criminals to manipulate public securities markets, launder money, and evade taxes.

- Whether Harrington Global Opportunities Fund, through Snowdy acting as its agent, invaded Cohodes's privacy under California law, Cal. Const. art. I, § 1, by directing Snowdy to portray Cohodes in a false light by repeatedly asserting that Cohodes was involved in illegal market manipulation.
- Whether MiMedx is liable for Snowdy's alleged violations of the California Invasion of Privacy Act and the federal Wiretap Act on the grounds that Snowdy committed those wrongful acts while acting as MiMedx's agent and at MiMedx's direction.
- Whether Snowdy recorded any communications for the purpose of MiMedx committing a crime or tortious act, see 18 U.S.C. § 2511(2)(d), including but not limited to defamation and securities fraud.

**F.     Relief**

Plaintiff Cohodes seeks: (1) Statutory damages in the amount of $5,000 per violation of California Penal Code § 632.7, or treble actual damages, whichever is greater; (2) for all remedies specified in the Wiretap Act, 18 U.S.C. § 2520, including the sum of actual damages suffered by Cohodes and any profits made by the Defendants as a result of the violations or statutory damages as authorized by 18 U.S.C. § 2520(2)(B), whichever is greater; (3) compensatory damages according to proof at trial; (4) punitive damages in an amount sufficient to punish the Defendants' wrongful conduct and to deter future misconduct; (5) the return of all documents, information, and data that the Defendants unlawfully obtained from Cohodes; (6) disgorgement of all sums that Defendant Snowdy obtained from Defendant Guy, Defendant MiMedx Group, Inc., Defendant Harrington Global Opportunities Fund, Ltd, or any other person or entity as a result of his violations of Cohodes's rights; (7) permanent injunctive relief enjoining Snowdy from recording the cellular or cordless telephone communications of Cohodes without the consent of all parties to those communications; (8) permanent injunctive relief enjoining Guy or his agents from recording the cellular or cordless telephone communications of Cohodes without the consent of all parties to those communications; (9) permanent injunctive relief enjoining MiMedx or its agents from recording the cellular or cordless telephone communications of Cohodes without the consent of all parties to those communications; (10) permanent injunctive relief enjoining Harrington Global Opportunities Fund, Ltd, or its agents from recording the

cellular or cordless telephone communications of Cohodes without the consent of all parties to those communications; and (11) such other relief as the Court may deem just and proper.

### G. Discovery

Defendant Guy moved to dismiss for lack of personal jurisdiction and, on October 27, 2022, the Court denied Defendant Guy's motion without prejudice, ordered jurisdictional discovery, and permitted Defendant Guy to renew his motion "as warranted by developments." Dkt. 75. Jurisdictional discovery closed on December 4, 2023, and Cohodes filed an amended complaint on December 18, 2023. Fact discovery closes on August 28, 2024.

<u>Cohodes and MiMedx</u>: Plaintiff Cohodes and Defendant MiMedx Group, Inc., have engaged in discovery. The parties have exchanged Requests for Production of documents and objections and responses thereto. Both parties have produced documents, but neither party believes the other party's production is complete. Cohodes and MiMedx are continuing to meet and confer on these issues. Cohodes has served, and MiMedx has responded to, his First Requests for Admission.

<u>Cohodes and Guy</u>: Plaintiff Cohodes and Defendant Guy have engaged in jurisdictional discovery. Cohodes served his First Request for Production of Documents for the Purpose of Jurisdictional Discovery on November 30, 2022. Guy served initial responses in January and February 2023. Guy served his fourth set of responses on December 7, 2023. The parties have disputed the adequacy of the production and engaged in extensive meet and confer sessions. The parties have also disputed whether Guy is required to produce documents in the possession of Harrington Global Opportunities Fund and Harington Global Limited, entities that Guy wholly owns. The parties have submitted, and Judge Westmore has resolved, two joint discovery letters. Cohodes deposed Guy for the purposes of jurisdictional discovery on December 7, 2023.

<u>Cohodes and Snowdy</u>: Plaintiff Cohodes and Defendant Snowdy have engaged in discovery. In November 2022, Plaintiff Cohodes served his First Request for Production of Documents for the Purpose of Jurisdictional Discovery on Defendant Snowdy, to which Snowdy responded in January 2023. Snowdy has not produced any documents but has submitted three declarations asserting he has searched for and found no responsive documents. Cohodes has disputed Snowdy's claim that he possesses no responsive documents. Snowdy has asserted that discovery is stayed as to him; Cohodes

disputes this. The aforementioned disputes have been raised with, and ruled on by, Judge Westmore through three joint discovery letters. The Court held that discovery is not automatically stayed as to Snowdy on December 8, 2023, but encouraged discussion among the parties and directed Snowdy to move for a "traditional stay of discovery." Dkt. 112. Cohodes deposed Snowdy on December 6, 2023.

<u>Non-Party Discovery</u>: Cohodes has served subpoenas to produce documents on the third parties Peter Barakett; Mintz Group; Parker H. Petit; Wargo French Singer LLP; Prescience Point Capital Management, LLC; Roddy Boyd; and Alexandra "Lexi" Haden. Cohodes also anticipates seeking the issuance of Letters Rogatory to obtain testimony and documents from witnesses in Canada, including Naomi Lutes, Thomas Klatt, Newton Glassman, and James Riley. Cohodes deposed Peter Barakett on November 15, 2023.

### H.    Related Cases

The Parties are not aware of any related case or proceeding pending before another judge of this Court or before another court or administrative body. Cohodes notes that he is the plaintiff in another matter, *Cohodes v. United States Department of Justice*, No. 4:20-cv-04015-SBA (N.D. Cal.). In that matter, Cohodes asserts a FOIA claim seeking documents related to MiMedx's former (now convicted) CEO having asked a sitting United States Senator to have the FBI visit Cohodes at his home and threaten him with investigation or prosecution if he continued to speak out about MiMedx, which the FBI did.

### I.    Procedural History

Defendant MiMedx filed a motion to dismiss Cohodes's claims against it on March 3, 2022, pursuant to Federal Rule of Civil Procedure 12(b)(6). That motion was denied on April 12, 2022. *See* Dkt. 28.

Defendant Guy filed a motion to dismiss for lack of personal jurisdiction on June 8, 2022, pursuant to Rule 12(b)(2). Dkt. 49. On October 27, 2022, the Court denied Defendant Guy's motion without prejudice, ordered jurisdictional discovery, and permitted Defendant Guy to renew his motion "as warranted by developments." Dkt. 75. The Court ordered jurisdictional discovery completed by February 27, 2023. *Id*. The parties agreed to extend the jurisdictional discovery cutoff four times. *See* Dkts. 81, 84, 90, 96. On October 6, 2023, Judge Martínez-Olguín ordered the parties to complete

jurisdictional discovery by December 4, 2023, and set December 18, 2023 as the deadline for Mr. Cohodes to file an amended complaint. Dkt. 102.

Defendant Snowdy filed a special anti-SLAPP motion to strike portions of the Complaint pursuant to C.C.P. § 425.16 and a motion to dismiss pursuant to Rule 12(b)(6) on June 15, 2022. Dkts. 51, 52. In February 2023, Judge Donato "terminated" both motions "without prejudice to renewal after the amended complaint is filed." Dkt. 81.

On August 7, 2023, Judge Martínez-Olguín referred all further discovery and discovery disputes to a Magistrate Judge. Plaintiff Cohodes and Defendant Snowdy have filed three joint letters concerning discovery disputes, Dkts. 91, 99, 100. Plaintiff Cohodes and Defendant Guy have filed two joint letters concerning various discovery disputes. Dkts. 92, 101. Magistrate Judge Westmore ruled on these letters on August 22, 2023 and October 25, 2023. Dkt. 94 (addressing Dkts. 91, 92); Dkt. 103 (addressing Dkts. 99-101).

On November 7, 2023, Defendant Snowdy filed a Motion for Relief from Judge Westmore's October 25, 2023 Order. Dkt. 104. The Court did not order Plaintiff Cohodes to respond, and the motion was deemed denied by operation of Local Rule 72-2(d) on November 22, 2023. On November 23, 2023, Snowdy filed a Motion for Leave to File Motion for Reconsideration and Request for a Reasoned Decision Re: Motion For Relief From Nondispositive Pretrial Order Of Magistrate Judge. Dkt. 107. The Court denied Snowdy's motion on December 8, 2023. Dkt. 112.

On December 18, 2023, Plaintiff Cohodes filed his First Amended Complaint, which added Harrington Global Opportunities Fund, Ltd, as a Defendant. Dkt. 117.

On January 17, 2024, Defendant MiMedx filed its answer to Plaintiff Cohodes's First Amended Complaint. Dkt. 124.

On January 24, 2024, Plaintiff Cohodes filed a motion for leave to file an amended summons adding Harrington Global Opportunities Fund, Ltd, as a Defendant. Dkt. 125. Defendant Guy filed an opposition to the motion for leave, Dkt. 126, and Plaintiff Cohodes subsequently filed a reply, Dkt. 127.

On January 31, 2024, Defendant Snowdy filed a motion to dismiss "and/or strike" the claims against him in the First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), along with a special motion to strike portions of the First Amended Complaint pursuant to

9

California Code of Civil Procedure Section 425.16.  Dkts. 128, 129.  Plaintiff Cohodes opposed both motions on March 1, 2024.  Dkts. 135, 136.  Defendant Snowdy's deadline to reply is March 15, 2024. Dkts. 131, 132.

On January 31, 2024, Defendant Guy filed a motion to dismiss the claims against him in the First Amended Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  Dkt. 130.  Plaintiff Cohodes will file an opposition no later than March 8, 2024.  Dkt. 134. Defendant Guy's deadline to reply is March 22, 2024.  *Id.*

On March 5, 2024, the Court granted Plaintiff Cohodes's motion and directed the Clerk of Court to issue the proposed amended summons for Harrington Global Opportunities Fund, Ltd.  Dkt. 137. Once the amended summon issues, Plaintiff Cohodes will effectuate service on Harrington Global Opportunities Fund, Ltd.

### J. Deadlines

| Event | Deadline |
|---|---|
| Close of Fact Discovery | Aug. 28, 2024 |
| Expert Disclosures Due | Sept. 19, 2024 |
| Rebuttal Experts Due | Oct. 10, 2024 |
| Close of Expert Discovery | Oct. 25, 2024 |
| Dispositive Motions | Oct. 31, 2024 |
| Last Day to Hear Dispositive Motions | Dec. 12, 2024 |
| Pre-Trial Conference | Mar. 25, 2025 |
| Jury Trial Begins | Apr. 21, 2025 |

### K. Any Modification of Deadlines

Plaintiff Cohodes does not seek to modify any existing deadlines.  However, discovery to date has proceeded slowly and Plaintiff Cohodes believes the deadlines might require an adjustment. Defendant Guy does not seek to modify any existing deadlines at this time, however if his pending Motion to Dismiss is denied, he may need to seek extension of the discovery deadline to allow adequate time to prepare his defenses. Further, if Harrington Global Opportunities Fund, Ltd. is added as a new party to this action, it may warrant further extensions of the existing deadlines.

### L. Consent to Magistrate

Defendant MiMedx has declined to consent to have a magistrate judge for trial.  *See* Dkt. 14. Defendant MiMedx, however, believes a settlement conference with a magistrate judge would be

helpful.

**M.**   **Emergency**

Plaintiff Cohodes does not believe there is an immediate need for an additional case management conference, beyond the case management conference scheduled for March 13, 2024.

Dated: March 6, 2024

Respectfully submitted,

THE NORTON LAW FIRM PC

By: */s/ Fred Norton*
Fred Norton
Attorneys for Plaintiff
MARC COHODES

Dated: March 6, 2024

Respectfully submitted,

DYKEMA GOSSETT LLP

By: */s/ Brett J. Natarelli*
Brett J. Natarelli
Attorneys for Defendant
MIMEDX GROUP, INC.

Dated: March 6, 2024

Respectfully submitted,
FUTTERMAN DUPREE DODD CROLEY MAIER LLP

By: */s/ Jamie L. Dupree*
Jamie L. Dupree
Attorneys for Defendant
DANIEL GUY

Dated: March 6, 2024

Respectfully submitted,
SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO LLP

By: */s/ Gustavo D. Lage*
Gustavo D. Lage
Attorneys for Defendant
DERRICK SNOWDY

**ATTESTATION**

I, Gil Walton, hereby attest that concurrence in the filing of this Joint Updated Case Management Statement has been obtained from all individuals with conformed signatures above.

Dated: March 6, 2024                              Respectfully submitted,

                                                  THE NORTON LAW FIRM PC

                                    By:  */s/ Gil Walton*
                                                  Gil Walton
                                                  Attorneys for Plaintiff
                                                  MARC COHODES