1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    MARC COHODES,                              Case No. 22-cv-00368-RFL   (KAW)

8                   Plaintiff,

9          v.                                   **ORDER TERMINATING MAY 30, 2025
                                                DISCOVERY LETTERS**
10   MIMEDX GROUP, INC., et al.,                Re: Dkt. Nos. 208-215

11                  Defendants.

12

13          On May 30, 2025, the parties filed eight discovery letters regarding proposed letters

14   rogatory, none of which comply with the Court's standing order.  (Dkt. Nos. 208-215.)

15          To start, each discovery letter included over 400 pages of exhibits, despite the standing

16   order's limit to 12 pages.  (*See* Judge Westmore Standing Order ¶ 14(b)(ii).)  Many of the exhibits

17   do not appear to be permissible or helpful, as they include a declaration attaching a copy of the

18   complaint (which is already accessible from the docket), evidence produced in the case, and copies

19   of requests for production that are not at issue in this discovery dispute.  (*See* Judge Westmore

20   Standing Order ¶ 14(b)(i).)

21          The discovery letter also failed to comply with the required format, which requires that

22   each discovery request or issue be presented with all party positions.  (*See* Judge Westmore

23   Standing Order ¶ 14(d).)  This is of particular note because it appears that Defendants Daniel Guy

24   and Harrington Global Opportunities Fund, Ltd. do not object to all of the requests in the proposed

25   letters rogatory.  (*See* Dkt. No. 208 at 1; 211 at 2.)  Thus, to the extent Defendants Guy and

26   Harrington Global Opportunities Fund object on the grounds of relevance, it is unclear how they

27   apply to each challenged request.  It is not the Court's responsibility to figure out why a specific

28   request is relevant or not.  The Court further observes that Defendants only address relevance as to

United States District Court
Northern District of California

1    Mr. Glassman and provide no specific information as to why discovery from any of the other

2    individuals would not lead to discoverable information (instead merely pointing to their position in

3    the first discovery letter, which only addresses Mr. Glassman).  (*E.g.*, Dkt. No. 210 at 3, Dkt. No.

4    212 at 3.)

5            Finally, the first discovery letter is overlong, as it is 7 pages.  (Dkt. No. 208; *see* Judge

6    Westmore Standing Order ¶ 14(b)(i).)  While the remaining letters are not overlong, that is

7    because Defendants simply incorporate the arguments made in the first discovery letter, while

8    Plaintiff appears to largely copy and paste his position in every letter.  (*See* Dkt. No. 209 at 3; Dkt.

9    No. 210 at 3;  Dkt. No. 211 at 3-4; Dkt. No. 212 at 3; Dkt. No. 213 at 3; Dkt. No. 214 at 3; Dkt.

10   No. 215 at 3.)  The Court also notes that Defendant Snowdy also appears to mostly copy and paste

11   the position of Defendants Guy and Harrington.  (*Compare* Dkt. No. 208 at 3-5 *with* Dkt. No. 208

12   at 5-7.)[1]

13           It is not a productive use of the Court's time to review non-compliant letters that are

14   largely copy and paste jobs.  Accordingly, the Court TERMINATES the discovery letters.  The

15   parties are ORDERED to file joint discovery letters that comply with the Court's standing order.

16   If the parties require additional pages, they must request **and receive** leave prior to filing the

17   discovery letter.  If a prior letter addresses issues that are also at issue with respect to other

18   discovery devices (*e.g.*, if the parties address standing in the first letter, and standing is at issue in

19   the remaining letters), the parties should so state rather than repeatedly copying and pasting the

20   same text.  Similarly, if Defendant Snowdy's position is the same as that of Defendants Guy and

21   Harrington, the discovery letters should so state rather than copying and pasting the same text.

22   Failure to comply will result in the Court terminating the non-compliant discovery letters.

23           Additionally, based on a brief review of the discovery letters, Court ORDERS the parties

24   to further meet and confer and provides the following guidance.

25           With respect to standing, the Court knows of no authority that prohibits a party from

26

27   _____

[1] The Court also observes that the provided chambers copy also did not comply with the Court's
standing order, such as the requirement that the chambers copy have all exhibits be individually
28   tabbed.  (*See* Judge Westmore Standing Order ¶ 5(c).)  This is particularly problematic when
Exhibit B is 354 pages and includes 20 exhibits, none of which were tabbed.

United States District Court
Northern District of California

1    opposing letters rogatory.  Indeed, courts in this district have regularly resolved objections raised

2    by a party to letters rogatory.  *See Largan Precision Co., Ltd. v. Motorola Mobility LLC.*, No. 21-

3    cv-09138-JSW (DMR), 2024 U.S. Dist. LEXIS 166560 (N.D. Cal. Sep. 16, 2024); *Serenity Invs.*

4    *LLC v. Sun Hung Kai Strategic Capital Ltd..*, No. 22-cv-01623-YGR (LJC), 2024 U.S. Dist.

5    LEXIS 42528, at *3 (N.D. Cal. Mar. 11, 2024).  As Defendants correctly note, courts in this

6    district "have held that motions requesting issuance of a letter of request or letter rogatory should

7    generally be granted and that the opposing party must show good reason for a court to deny an

8    application for a letter rogatory."  *See Zoho Corp. PVT. Ltd v. Freshworks, Inc.*, No. 20-cv-01869-

9    VC (TSH), 2021 U.S. Dist. LEXIS 124432, at *7 (N.D. Cal. July 2, 2021) (listing cases).

10            With respect to hearsay, this issue appears premature as discovery is not limited to

11    admissible evidence.  Rather, discovery must be reasonably calculated to lead to the discovery of

12    admissible evidence.  There is no showing that the evidence being sought here would never be

13    admissible (*i.e.*, per a hearsay exception) or would never lead to other admissible evidence.

14            With respect to relevance, again, it is not apparent that no discovery would be permitted;

15    the fact that an individual may ultimately not have certain evidence does not mean all discovery

16    will be prohibited.  That said, as to overbreadth and proportionality, Defendants argue that the

17    requests do not include limits on date, topic, or relevance.  Indeed, the Court notes that the

18    discovery requests include requests for "All documents" concerning a particular individual, which

19    could reach far beyond this case.  If Plaintiff does not believe any such limitations are appropriate,

20    Plaintiff should be prepared to explain why, for example, such requests should not be limited to at

21    least the events relevant to this litigation.

22            Regarding privilege, Defendants will need to explain how the relied upon privileges apply

23    in this case.  For example, Defendants appear to suggest that attorney-client and work product

24    privilege may apply but do not demonstrate that Defendants are attorneys, or the work was done

25    on the direction of an attorney.  Likewise, while Defendants discuss California's litigation

26    privilege (which the presiding judge found applicable in dismissing Plaintiff's defamation and

27    false light claims per the anti-SLAPP statute), it is unclear how that applies to prohibit discovery

28    regarding claims that are still at issue in this case.

United States District Court
Northern District of California

3

1        Regarding the Fifth Amendment, Defendants will need to explain how Defendants' Fifth

2   Amendment's right against self-incrimination prohibits discovery from third parties.

3        Finally, the Court notes that to the extent the letters rogatory process is expected to go past

4   the fact discovery cutoff, the Court cannot extend the fact discovery cutoff.  Rather, the parties

5   must address this issue to the presiding judge.

6        IT IS SO ORDERED.

7   Dated: June 4, 2025

8                                                          _____
                                                           KANDIS A. WESTMORE
9                                                          United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

4