UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC COHODES,<br><br>    Plaintiff,<br><br>v.<br><br>MIMEDX GROUP, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-00368-RFL (KAW)<br><br>**ORDER RE 9/30/2025 DISCOVERY LETTERS**<br><br>Re: Dkt. Nos. 234-241<br><br>[Discovery Letter Nos. 6-13] |

Plaintiff is a former hedge fund manager and short seller, who alleges that he has exposed companies and individuals engaged in fraud, stock manipulation, and other illegal conduct. (Second Amend. Compl. ("SAC") ¶ 1.) Plaintiff alleges that Defendant Daniel Guy (an officer and director of Defendant Harrington Global Opportunities Fund ("Harrington")) hired Defendant Derrick Snowdy, a private investigator, to spy on Plaintiff for information that could be used in possible lawsuits and to discredit his reputation. (SAC ¶¶ 3-4.) Based on that, Plaintiff has brought claims for: (1) violation of the California Invasion of Privacy Act, (2) violation of the Wiretap Act, (3) defamation and slander, and (4) false light invasion of privacy.

On September 30, 2025, Plaintiff and Defendants Snowdy, Guy, and Harrington filed eight discovery letters regarding Plaintiff's proposed letter rogatory. (Dkt. Nos. 234-41.) Having reviewed these letters, the Court notes at the outset that Defendants' objections are almost entirely conclusory and unsupported by any analysis of the facts. In short, Defendants' objections appear to be in bad faith and are a waste of both Plaintiff's time and the Court's limited judicial resources. This is not acceptable litigation practice, and Defendants' counsel is therefore ORDERED to review the Northern District of California's Guidelines for Professional conduct (available at https://cand.uscourts.gov/attorneys/admission-bar-membership) and to file a declaration within **five days** of this order affirming that they have completed their review.

**A.     Discovery Letter re Schedule A (Dkt. No. 234)**

Schedule A concerns document requests to Newton Glassman, who was a managing partner at Catalyst in 2017. (Discovery Letter re Schedule A at 1.)

    **i.     Discoverable Evidence**

Defendants object that the discovery requests are not reasonably calculated to lead to discovery of admissible evidence because Plaintiff's requests "target witnesses unlikely to have relevant or admissible information--particularly about Mr. Snowdy's intent, recordings, or alleged actions." (Discovery Letter re Schedule A at 4.)

Plaintiff, however, explains that on August 11, 2017, Defendant Guy, using a pseudonym, e-mailed Glassman alleging that Plaintiff and other short sellers were targeting Glassman and a Catalyst-affiliated company. (Discovery Letter re Schedule A at 1.) Over several months, Defendant Guy repeatedly defamed Plaintiff and pushed Glassman to hire Defendant Snowdy, calling Defendant Snowdy "my guy" and representing that Defendant Snowdy had tapes and e-mails from his operations with short sellers such as Plaintiff. (*Id.*) Defendant Snowdy also met with Catalyst representatives and told them he had recordings of Plaintiff, playing one such recording at a September 12, 2017 meeting. (*Id.*)

Based on these facts, Plaintiff argues that Schedule A goes to proving Defendants' liability under the California Invasion of Privacy Act. (Discovery Letter re Schedule A at 1.) Specifically, Plaintiff explains that Defendants Guy and Harrington have disputed that Defendant Snowdy was their agent, and that Glassman's documents will go to how Defendant Guy's representations about his relationship to Defendant Snowdy and whether Defendant Snowdy acted at the direction of Defendants Guy and Harrington. (*Id.* at 2.) Plaintiff also argues that the documents are relevant to the Wiretap Act claim, including whether Defendant Snowdy recorded Plaintiff's calls without his consent. (*Id.*)

Defendants do not dispute any of these points, nor do they articulate any rationale behind their conclusory assertion that Glassman is "unlikely to have relevant or admissible information." (Discovery Letter re Schedule A at 4.) Given that Defendant Guy directly communicated with Glassman about his relationship with Defendant Snow specific to the alleged spying on Plaintiff, it

2

appears Glassman is very likely to have discoverable evidence.

Having reviewed Schedule A, the Court finds that Schedule A is reasonably calculated to lead to discovery of admissible evidence.

### ii. Lack of Diligence

Defendants assert that Plaintiff lacked diligence in pursuing discovery. (Discovery Letter re Schedule A at 4.) Plaintiff explains that because parties should try to seek discovery from other parties to the litigation before burdening third parties with letters rogatory, Plaintiff sought discovery from Defendants in February 2025 and March 2025. (*Id.* at 2.) Defendants produced no responsive documents. (*Id.*) Plaintiff then moved for issuance of the letters rogatory on April 16, 2025, after which the Court directed the parties to meet and confer. (Dkt. Nos. 205, 206.) It is unclear how this demonstrates lack of diligence, and Defendants provide no explanation in support of their argument. The Court thus finds there was no lack of diligence.

### iii. Overbreadth and Proportionality

Defendants object that the requests seek "all documents[,] making them facially overbroad and disproportionate under Rule 26(b)(1)." (Discovery Letter re Schedule A at 4.) While the Court previously raised some concerns of the use of the term "All documents" in its June 4, 2025 order, Plaintiff correctly points out that he has now added limitations, including narrowing the timeframe and limiting his request to documents relating to this lawsuit. (*Id.* at 2.) Defendants do not acknowledge these limitations or explain why they are insufficient. The Court finds that the requests are not overbroad or disproportionate.

### iv. Privilege and Protected Material

Defendants argue that the requests "include potentially privileged communications and work product, with no safeguard offered." (Discovery Letter re Schedule A at 4.) Defendants provide no explanation of what these privileged communications and work product might entail, particularly when Plaintiff points out that Glassman is not an attorney and there is no statement that Defendants are attorneys. (*Id.* at 3.) In any case, the Court knows of no authority that would prohibit all discovery simply because "potentially" privileged documents may exist. If a specific document is subject to privilege, the document can presumably be withheld and a privilege log

3

provided that substantiates the privilege.

### v. Duplication of Prior Discovery

Defendants assert that Plaintiff is seeking information already exchanged in the Ontario litigation, and thus the discovery requests are duplicative under Federal Rule of Civil Procedure 26(b)(2)(C). (Discovery Letter re Schedule A at 4.) As Plaintiff observes, the purpose of "Rule 26(b)(2)(C)(i)'s limitation on the scope of discovery . . . is to limit unreasonably cumulative or duplicative discovery in the action in which the discovery is served." *AIIRAM LLC v. KB Home*, No. 19-cv-00269-LHK (VKD), 2019 U.S. Dist. LEXIS 112083, at *4 (N.D. Cal. July 5, 2019) (rejecting objection that discovery request was duplicative because the discovery had been previously produced in a state court action). Further, Plaintiff also correctly points out that Defendants fail to identify the extent of the overlap, if any. *See Largan Precision Co., Ltd. v. Motorola Mobility LLC*, No. 21-cv-09138-JSW (DMR), 2024 U.S. Dist. LEXIS 166560, at *8 (N.D. Cal. Sep. 16, 2024) (overruling objection that letters rogatory were unnecessary and duplicative where the objecting party failed to explain the extent of overlap with prior requests).

### vi. International Comity

Defendants contend that because Glassman resides in Canada, the requests raise comity concerns as Canadian law imposes stricter third-party discovery limitations. (Discovery Letter re Schedule A at 4.) Courts have found that "[w]here the requests appear to be prevented by the application of a foreign law, courts must consider principles of international comity and perform a particularized analysis of the respective interests of the foreign nation and the requesting nation." *Scalia v. Int'l Longshore & Warehouse Union*, 337 F.R.D. 281, 288 (N.D. Cal. 2020). While Defendants assert that Canadian law has stricter third-party discovery limitations, Defendants fail to explain whether those limitations would actually prohibit the discovery at issue in this case. Thus, Defendants have failed to "raise any specific concerns that the discovery requested would run afoul" of Canadian law. *Id.*

### vii. Temporal Limits

Defendants complain that requests reaching further back than October 1, 2015 would be overbroad. (Discovery Letter re Schedule A at 4.) Defendants fail to identify any request that

4

would run afoul of this temporal limit; as previously discussed, Plaintiff has already modified the requests to include temporal limits or be limited to the facts alleged in this lawsuit.

       **viii.    Fifth Amendment**

Defendants assert that "[t]o the extent the requests implicate Defendants' communications or litigation strategy, they risk sidestepping constitutional protections." (Discovery Letter re Schedule A at 4.) As with all of their other objections, Defendants provide no explanation for how these requests would implicate their communications or litigation strategy in a way that would implicate their constitutional rights. Moreover, "[i]t is also settled that a person inculpated by materials sought by a subpoena issued to a third party cannot seek shelter in the Self-Incrimination Clause of the Fifth Amendment." *SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 742 (1984). Further, Defendant Harrington is a corporation with no Fifth Amendment privilege. *See In re Twelve Grand Jury Subpoenas*, 908 F.3d 525, 528 (9th Cir. 2018) ("The privilege [against self-incrimination] applies to individuals and to sole proprietorships . . . but corporations and other collective entities do not enjoy the privilege."). The Fifth Amendment does not apply here.

The Court thus overrules all of Defendants' objections, and will permit Plaintiff to issue the letter rogatory regarding Schedule A.

    **B.    Discovery Letter re Schedule B (Dkt. No. 235)**

Schedule B concerns deposition topics for Glassman. (Discovery Letter re Schedule B.)

       **i.    Discoverable Evidence**

Defendants assert that the testimony is unlikely to yield relevant evidence because Glassman lacks firsthand knowledge of key issues like Defendant Snowdy's intent, recordings, or related conduct. (Discovery Letter re Schedule B at 2.) Defendants fail to explain how Glassman's inability to testify on this topic means his testimony as a whole is not discoverable; Glassman could still testify as to what Defendant Guy told him about Plaintiff and Defendant Snowdy, what recordings were provided to him, and any knowledge he had about Defendant Snowdy's surveillance of Plaintiff.

       **ii.    Diligence**

Defendants make the same assertion that Plaintiff delayed seeking the letters rogatory

without providing any explanation in support, and the Court again finds no lack of diligence. (*See* Discovery Letter re Schedule B at 2.)

### iii. Overbreadth and Vagueness

Defendants assert the topics are vague and overbroad, as they fail to define scope, relevance, or a timeframe. (Discovery Letter re Schedule B at 2.) Again, this appears to ignore the limitations added by Plaintiff, and Defendants provide no specific information as to why any particular topic is vague and overbroad. After review, the Court finds that the topics are not overbroad or vague.

### iv. Privilege and Confidential Manners

Defendants again complain that the topics risk invading attorney-client privilege and work product without substantiating these privileges. (Discovery Letter re Schedule B at 2.) This is not a basis for not issuing the letters rogatory.

### v. Duplication

Defendants' assertion of duplication is again based on Rule 26(b)(2)(C) (which does not apply to this case) and fails to provide any information about the extent of alleged overlap. (Discovery Letter re Schedule B at 2.)

### vi. Burden on a Foreign Non-Party

Defendants argue that Glassman should not be subjected to "vague and expansive questioning," which raises comity concerns. (Discovery Letter re Schedule B at 3.) The Court has already found that the proposed topics are not vague or overbroad.

### vii. Temporal Limits

Defendants again complain that requests reaching further back than October 1, 2015 would be overbroad. (Discovery Letter re Schedule B at 3.) Defendants again fail to identify any request that would run afoul of this temporal limit.

### viii. Fifth Amendment

Defendants again complain the proposed topics may implicate their Fifth Amendment rights with no specific analysis. (Discovery Letter re Schedule B at 3.) The Court finds Defendants have failed to demonstrate that the Fifth Amendment applies here.

The Court thus overrules all of Defendants' objections, and will permit Plaintiff to issue the letter rogatory regarding Schedule B.

### C. Discovery Letter re Schedule C (Dkt. No. 236.)

Schedule C concerns document requests to James Riley, who was the COO of Catalyst in 2017. (Discovery Letter re Schedule C at 1.)

#### i. Discoverable Evidence

Defendants object that the discovery requests are not reasonably calculated to lead to the discovery of admissible evidence because Riley is "unlikely to possess information about key facts Plaintiff seeks -- such as Mr. Snowdy's intent, the existence of recordings, or alleged steps beyond any recordings." . (Discovery Letter re Schedule C at 3.)

Plaintiff explains that Riley attended a meeting with Defendant Guy and Glassman, during which Defendant Guy represented that Defendant Snowdy possessed e-mails and tapes relevant to an alleged criminal conspiracy in which Plaintiff was a purported participant. (Discovery Letter re Schedule C at 1.) Riley later attended a meeting at which Defendant Snowdy played a recording of a call with Plaintiff, as well as a later meeting at which Defendant Snowdy discussed investigating Plaintiff and made false allegations about Plaintiff's alleged criminal activities. (*Id.*) Thus, the document requests, again, go to whether there was a principal-agent relationship between Defendants, whether Defendant Snowdy illegally recorded Plaintiff's calls, and whether Defendant Guy made defamatory statements about Plaintiff. (*Id.*)

As Defendants again do not dispute any of these points, it appears Riley is very likely to have discoverable evidence. Given these points, the court cannot fathom why this objection was included in the joint letter if the parties meaningfully met and conferred. Having reviewed Schedule C, the Court finds that it is reasonably calculated to lead to admissible evidence.

#### ii. Diligence

For the reasons stated above, the Court again rejects Defendants' unsupported argument that Plaintiff delayed seeking the letters rogatory. (*See* Discovery Letter re Schedule C at 3.)

#### iii. Overbreadth and Proportionality

Defendants assert the topics are vague and not proportionate because they demand "all

documents" concerning particular individuals, meetings, and communications without limitation. (Discovery Letter re Schedule C at 3.) This again ignores the limitations added by Plaintiff, which include removing the requests for all documents concerning Defendants. (*See* Discovery Letter re Schedule C, Exh. 1.) The Court finds that the topics are not overbroad or disproportionate.

### iv. Privilege and Confidential Manners

Defendants again complain that the topics risk invading attorney-client privilege and work product without substantiating either privilege. (Discovery Letter re Schedule C at 3.) This is not a basis for not issuing the letters rogatory.

### v. Duplication

Defendants' assertion of duplication is again based on Rule 26(b)(2)(C) (which is inapplicable) and fails to provide any information about the extent of overlap. (Discovery Letter re Schedule C at 2.)

### vi. Burden on a Foreign Non-Party

Defendants argue Riley should not be subjected to expansive discovery, which raises comity concerns because Canadian law imposes stricter limits on third-party discovery. (Discovery Letter re Schedule C at 3.) Defendants provide no authority or analysis in support and fails to identify any discovery request that would be outside the scope of Canadian law.

### vii. Temporal Limits

Defendants again complain that requests reaching further back than October 1, 2015 would be overbroad. (Discovery Letter re Schedule C at 3.) Defendants again fail to acknowledge Plaintiff's limitations or otherwise identify any request that would run afoul of this temporal limit.

### viii. Fifth Amendment

Defendants complain the proposed topics may implicate their Fifth Amendment rights with no specific analysis. (Discovery Letter re Schedule C at 3.) The Court finds Defendants have failed to demonstrate that the Fifth Amendment applies here.

The Court thus overrules all of Defendants' objections, and will permit Plaintiff to issue the letter rogatory regarding Schedule C.

**D.  Discovery Letter re Schedule D (Dkt. No. 237)**

Schedule D concerns deposition topics for Riley. (Discovery Letter re Schedule D at 1.)

### i. Discoverable Evidence

Defendants assert that the testimony is unlikely to yield relevant evidence because Riley lacks knowledge of key issues like Defendant Snowdy's intent, recordings, or related conduct. (Discovery Letter re Schedule D at 2.) It appears Riley could still testify as to what Defendant Guy told him about Plaintiff and Defendant Snowdy, what recordings were provided to him, and any knowledge he had about Defendant Snowdy's surveillance of Plaintiff.

### ii. Diligence

Defendants make the same conclusory assertion that Plaintiff delayed seeking the letters rogatory without providing any explanation in support, and the Court again finds no lack of diligence. (*See* Discovery Letter re Schedule D at 2.)

### iii. Overbreadth and Vagueness

Defendants assert the topics are vague and overbroad, as they fail to define scope, relevance, or a timeframe. (Discovery Letter re Schedule D at 2.) Again, this appears to ignore the limitations added by Plaintiff, and Defendants provide no specific information as to why any particular topic is problematic. The Court finds that the topics are not overbroad or vague.

### iv. Privilege and Confidential Manners

Defendants again complain that the topics risk invading attorney-client privilege and work product without providing any explanation for how either would be implicated. (Discovery Letter re Schedule D at 2.) This is not a basis for not issuing the letters rogatory.

### v. Duplication

Defendants' assertion of duplication is again based on Rule 26(b)(2)(C) (which does not apply to this case) and fails to provide any information about the extent of overlap. (Discovery Letter re Schedule D at 2.)

### vi. Burden on a Foreign Non-Party

Defendants argue that Riley should not be required to testify extensively on "broad topics," which raises comity concerns. (Discovery Letter re Schedule D at 3.) The Court has already

9

found that the proposed topics are not overbroad or vague.

### vii. Temporal Limits

Defendants again complain that requests reaching further back than October 1, 2015 would be overbroad without identifying any request that would run afoul of this temporal limit. (Discovery Letter re Schedule D at 3.)

### viii. Fifth Amendment

Defendants complain the proposed topics may implicate their Fifth Amendment rights with no specific analysis. (Discovery Letter re Schedule D at 3.) The Court finds Defendants have failed to demonstrate that the Fifth Amendment applies here.

The Court thus overrules all of Defendants' objections, and will permit Plaintiff to issue the letter rogatory regarding Schedule D.

### E. Discovery Letter re Schedule E (Dkt. No. 238.)

Schedule E concerns document requests to Naomi Lutes, who was outside counsel to Catalyst in 2017. (Discovery Letter re Schedule E at 1.)

### i. Discoverable Evidence

Defendants object that the discovery requests are not reasonably calculated to lead to the discovery of admissible evidence because Lutes is "unlikely to have knowledge or materials bearing on key disputed facts, including Snowdy's intent, the existence of recordings, or any actions taken in connection therewith." (Discovery Letter re Schedule E at 3.)

Plaintiff explains that Lutes attended and took notes of a meeting between Defendant Guy, Glassman, and Riley, during which Defendant Guy represented that Plaintiff possessed e-mails and tapes relevant to the alleged criminal conspiracy that Plaintiff was a purported participant. (Discovery Letter re Schedule D at 1.) Lutes also attended the meeting at which Defendant Snowdy played a recording of a call with Plaintiff, as well as the later meeting at which Defendant Snowdy discussed investigating Plaintiff and made false allegations about Plaintiff's alleged criminal activities. (*Id.*) Thus, the document requests again go to whether there was a principal-agent relationship between Defendants, whether Defendant Snowdy illegally recorded Plaintiff's calls, and whether Defendant Guy made defamatory statements about Plaintiff. (*Id.*)

10

As Defendants again do not dispute any of these points, it appears Lutes is very likely to have discoverable evidence. Again, this information should have been discussed at the meet and confer to resolve this dispute without court intervention. Having reviewed Schedule E, the Court finds that it is reasonably calculated to lead to admissible evidence.

### ii. Diligence

As above, Defendants argue that Plaintiff delayed seeking the letters rogatory without any explanation, and the Court finds no lack of diligence. (*See* Discovery Letter re Schedule E at 3.)

### iii. Overbreadth and Proportionality

Defendants assert the topics are vague and not proportionate because they demand "all documents" or "communications" between Lutes and other parties without narrowing by subject or time. (Discovery Letter re Schedule E at 3.) Once again, this ignores the limitations added by Plaintiff, which include removing the requests for all documents for concerning Defendants and identifying the subject matter of the communications sought. (*See* Discovery Letter re Schedule E, Exh. 1.) The Court finds that the topics are not overbroad or disproportionate.

### iv. Privilege and Confidential Manners

Defendants argue that the topics risk invading attorney-client privilege and work product, particularly because Lutes is a Canadian attorney. (Discovery Letter re Schedule E at 3.) There is nothing, however, to suggest that Lutes was an attorney for *Defendants*, or that the documents were produced in anticipation of litigation. In short, Defendants still fail to substantiate any claim of privilege. In any case, should a privilege apply to a particular document, the document can presumably be withheld and a privilege log produced that substantiates the privilege. The fact that the discovery request may implicate some documents protected by privilege is not a basis for not issuing the letter rogatory.

### v. Duplication

Defendants' assertion of duplication is again based on Rule 26(b)(2)(C) (which is inapplicable) and fails to provide any information about the extent of overlap. (Discovery Letter re Schedule E at 3.)

//

    **vi.**  **Burden on a Foreign Non-Party**

Defendants argue Lutes should not be compelled to produce broad documents because there are conflicts with Canadian privilege protections and professional obligations, thus raising comity concerns. (Discovery Letter re Schedule E at 3.) Defendants provide no authority or analysis that suggest the documents requested would conflict with Canadian privilege protections. Thus, Defendants fail to substantiate this objection.

    **vii.**  **Temporal Limits**

In complaining that requests reaching further back than October 1, 2015 would be overbroad, Defendants again fail to acknowledge Plaintiff's limitations or otherwise identify any request that would run afoul of this temporal limit. (Discovery Letter re Schedule E at 3.)

    **viii.**  **Fifth Amendment**

Defendants complain the proposed topics may implicate their Fifth Amendment rights with no specific analysis. (Discovery Letter re Schedule E at 3.) The Court finds Defendants have failed to demonstrate that the Fifth Amendment applies here.

The Court thus overrules all of Defendants' objections, and will permit Plaintiff to issue the letter rogatory regarding Schedule E.

  **F.**  **Discovery Letter re Schedule F (Dkt. No. 239)**

Schedule F concerns deposition topics for Lutes. (Discovery Letter re Schedule F at 1.)

    **i.**  **Discoverable Evidence**

Defendants assert that the testimony is unlikely to yield relevant evidence because Lutes cannot testify to "core factual issues such as Mr. Snowdy's intent, the existence of recordings, or actions allegedly taken in connection with them." (Discovery Letter re Schedule F at 2.) While Lutes may not be able to testify as to Defendant Snowdy's intent, it appears Lutes could testify to the existence of recordings and actions taken in connection with them.

    **ii.**  **Diligence**

Defendants make the same unsupported assertion that Plaintiff delayed seeking the letters rogatory, which the Court again rejects. (*See* Discovery Letter re Schedule F at 2.)

//

### iii. Overbreadth and Vagueness

Defendants assert the topics are vague and expansive because they ask about Lutes's knowledge, communications, and legal work across multiple cases. (Discovery Letter re Schedule F at 2.) Defendants fail to explain how this makes the topics "vague" or "expansive," and does not provide analysis as to any specific topic. The Court finds that the topics are not overbroad or expansive, as they appear to be limited to the facts at issue in this case.

### iv. Privilege and Confidential Manners

Defendants complain that the topics risk invading attorney-client privilege and work product because Lutes is an attorney. (Discovery Letter re Schedule F at 2.) As previously noted, Defendants do not identify any attorney-client relationship between Defendants and Lutes, nor do they suggest there was anticipated or ongoing litigation. This objection is not grounds for not issuing the letters rogatory.

### v. Duplication

Defendants' assertion of duplication is again based on Rule 26(b)(2)(C) (which does not apply to this case) and fails to provide any information about the extent of overlap with previously produced discovery. (Discovery Letter re Schedule F at 2.)

### vi. Burden on a Foreign Non-Party

Defendants argue that Lutes should not be compelled to testify about "broad, sensitive matters," but do not identify what these matters are. (Discovery Letter re Schedule F at 2.) Further, to the extent Defendants complain that the proposed topics raise issues of comity, Defendants still fail to identify what specific discovery would be prohibited by Canadian law.

### vii. Temporal Limits

Defendants again complain that requests reaching further back than October 1, 2015 would be overbroad, and also again fail to identify any request that would run afoul of this temporal limit. (Discovery Letter re Schedule F at 2.)

### viii. Fifth Amendment

Defendants again complain the proposed topics may implicate their Fifth Amendment rights with no specific analysis. (Discovery Letter re Schedule F at 3.) The Court finds

13

Defendants have failed to demonstrate that the Fifth Amendment applies here.

The Court thus overrules all of Defendants' objections and will permit Plaintiff to issue the letter rogatory regarding Schedule F.

### G. Discovery Letter re Schedule G (Dkt. No. 240.)

Schedule G concerns document requests to Thomas Klatt, who was hired by Catalyst in 2017 to be a private investigator. (Discovery Letter re Schedule G at 1.) Defendants provide no position in opposition to Schedule G. (*See id.* at 2.) Accordingly, the Court will permit Plaintiff to issue the letter rogatory regarding Schedule G.

### H. Discovery Letter re Schedule H (Dkt. No. 241)

Schedule H concerns deposition topics for Klatt. (Discovery Letter re Schedule H at 1.)

#### i. Discoverable Evidence

Defendants assert that the testimony is unlikely to yield relevant evidence because Klatt cannot establish central facts such as Defendant Snowdy's intent, whether recordings exist, and what steps were taken in relation to them. (Discovery Letter re Schedule H at 2.) Plaintiff, however, explained in the prior letter that Klatt attended and took notes of a meeting where Defendant Snowdy bragged that Defendant Guy had paid him $25,000 a month to infiltrate a short seller group that included Plaintiff and that he possessed recordings of Plaintiff. (Discovery Letter re Schedule G at 1.) Thus, it appears Klatt will be able to testify directly as to whether recordings existed and the relationship between Defendants.

#### ii. Diligence

Defendants make the same assertion that Plaintiff delayed seeking the letters rogatory without providing any explanation in support, which the Court again rejects. (*See* Discovery Letter re Schedule H at 2.)

#### iii. Overbreadth and Vagueness

Defendants assert the topics are vague and overbroad to the extent they seek information about Klatt's "investigations," involvement in an Ontario litigation, and communications with specific individuals. (Discovery Letter re Schedule H at 2.) This once again ignores the limitations added by Plaintiff, and Defendants provide no specific information as to why any

14

particular topic is problematic. The Court finds that the topics are not overbroad or vague.

####       iv.   Privilege and Confidential Manners

Defendants again complain that the topics risk invading attorney-client privilege and work product without providing any explanation for how either would be implicated. (Discovery Letter re Schedule H at 2.) This is not a basis for not issuing the letters rogatory.

####       v.    Duplication

Defendants' assertion of duplication is again based on Rule 26(b)(2)(C) (which does not apply to this case) and fails to provide any information about the extent of overlap. (Discovery Letter re Schedule H at 3.)

####       vi.   Burden on a Foreign Non-Party

Defendants argue that Klatt should not be required to provide "broad" testimony, which raises comity concerns. (Discovery Letter re Schedule H at 3.) The Court has already found that the proposed topics are not overbroad.

####       vii.  Temporal Limits

Defendants again complain that requests reaching further back than October 1, 2015 would be overbroad. (Discovery Letter re Schedule H at 3.) Defendants again fail to identify any request that would run afoul of this temporal limit.

####       viii. Fifth Amendment

Defendants again complain the proposed topics may implicate their Fifth Amendment rights with no specific analysis. (Discovery Letter re Schedule H at 3.) The Court finds Defendants have failed to demonstrate that the Fifth Amendment applies here.

The Court thus overrules all of Defendants' objections, and will permit Plaintiff to issue the letter rogatory regarding Schedule H.

//
//
//
//
//

**I.   Conclusion**

For the reasons stated above, the Court will permit Plaintiff to issue the proposed letters rogatory.

This order disposes of Dkt. Nos. 234-241.

IT IS SO ORDERED.

Dated: October 23, 2025

_____
KANDIS A. WESTMORE
United States Magistrate Judge