United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARC COHODES,

Plaintiff,

v.

MIMEDX GROUP, INC., et al.,

Defendants.

Case No. 22-cv-00368-RFL (KAW)

**ORDER TERMINATING MOTION FOR PROTECTIVE ORDER**

Re: Dkt. No. 265

On August 5, 2026, Defendants Daniel Guy and Harrington Global Opportunities Fund, Ltd. filed a motion for a protective order to limit the further deposition of Defendant Guy. (Dkt. No. 265.) The undersigned does not, however, entertain discovery motions between the parties, and instead requires parties to file joint discovery letters to address pending discovery disputes.[1] (Judge Westmore's General Standing Order ¶¶ 13-14, *http://cand.uscourts.gov/kaworders*.) Accordingly, the motion for a protective order is TERMINATED, and the parties are ordered to meet and confer in an attempt to resolve the pending dispute without court intervention. If those efforts fail to fully resolve all issues of contention, the parties shall jointly write and file a letter outlining any remaining disputes consistent with the Court's Standing Order.

To assist with the meet and confer, the Court observes that to the extent that Plaintiff is seeking a deposition of Defendant Guy as the Rule 30(b)(6) deponent for Defendant Harrington, it is unclear why this would not be permitted. The purpose of a Rule 30(b)(6) witness is to "provide the corporation's position, and provide answers to bind the corporation." *Great Am. Ins. Co. of*

[1] The Court has resolved no fewer than 13 discovery letters in this case, and it is therefore not apparent why Defendants believed a motion for a protective order would be appropriate rather than filing a joint discovery letter consistent with the Court's standing order.

*N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534, 541 (D. Nev. 2008). Thus, courts in this district have generally required the production of a corporate witness because "[e]ven if the general topics to be addressed at the 30(b)(6) deposition will overlap to some extent, the questions asked and the answers given might not." *Mitchell Eng'g v. City & Cnty. of S.F.*, No. C 08-04022 SI, 2010 WL 455290, at *1 (N.D. Cal. Feb. 2, 2010). In short, the fact that Defendant Guy has previously been deposed does not necessarily warrant limiting the 30(b)(6) deposition as unreasonably cumulative.

IT IS SO ORDERED.

Dated: August 5, 2026

KANDIS A. WESTMORE
United States Magistrate Judge