United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC COHODES,<br>Plaintiff,<br>v.<br>MIMEDX GROUP, INC., et al.,<br>Defendants. | Case No. 22-cv-00368-RFL (KAW)<br><br>**ORDER REGARDING 8/18/2026 DISCOVERY LETTER**<br><br>Re: Dkt. No. 268<br><br>[Discovery Letter No. 14] |

Plaintiff Marc Cohodes alleges that Defendant Daniel Guy (an officer and director of Defendant Harrington Global Opportunities Fund ("Harrington") hired a private investigator to spy on Plaintiff for information that could be used in possible lawsuits and to discredit his reputation. (Second Amended Complaint ¶¶ 3-4, Dkt. No. 171.) Pending before the Court is the parties' joint discovery letter regarding the depositions of Defendant Guy both in his individual capacity and as the Rule 30(b)(6) designee. (Discovery Letter, Dkt. No. 268.)

First, Defendants seek to limit Defendant Guy's deposition to seven hours. (Discovery Letter at 1.) In support, Defendants argue that Defendant Guy has already been deposed for approximately four hours on issues of jurisdiction. (*Id.*) Courts, however, have found good cause to require production of a witness for additional deposition where the original deposition was in the context of jurisdictional discovery only. *See Successor Agency to the Former Emeryville Redevelopment Agency v. Swagelok Co.*, No. 17-cv-00308-WHO, 2020 U.S. Dist. LEXIS 224963, at *7 (N.D. Cal. Dec. 1, 2020) (finding good cause to allow additional deposition where the witness had previously been deposed for seven hours on the issue of jurisdiction).

In the alternative, Defendants argue that Defendant Guy should only have to be subjected to one deposition because he is the same person for both the deposition in his individual capacity

and the deposition as Defendant Harrington's designee. (Discovery Letter at 1.) The Court, however, has already explained that the purpose of a 30(b)(6) deposition is to "provide the corporation's position, and provide answers to bind the corporation." *Great Am. Ins. Co. of N.Y. v. Vegas Constr.*, 251 F.R.D. 534, 541 (D. Nev. 2008). Thus, courts in this district generally require the production of a corporate witness because "[e]ven if the general topics to be addressed at the 30(b)(6) deposition will overlap to some extent, the questions asked and the answers might not." *Mitchell Eng'g v. City & Cnty. of S.F.*, No. C 08-4022 SI, 2010 WL 455290, at *1 (N.D. Cal. Feb. 2, 2010). Notably, while Defendant Guy complains that Plaintiff had originally proposed a single seven-day deposition in which Defendant Guy testified both individually and as Defendant Harrington's designee, Plaintiff conditioned this offer on Defendant Guy stipulating that Defendant Harrington is his alter ego. (Discovery Letter at 1, 4.0 As Defendant Guy refused to make this stipulation, Plaintiff should be permitted to take two separate depositions to fully explore the merits of this case.

Additionally, Defendants argue that because there are only two claims in this case, two separate depositions would be disproportionate. (Discovery Letter at 1.) While discovery must be limited to the claims, Defendants cite no authority that discovery is automatically curtailed simply based on the number of claims brought.

Second, Defendants contend that Defendant Guy should not be required to answer questions that he had already answered. (Discovery Letter at 2.) Plaintiff, in turn, argues that he should be entitled to ask questions with the full benefit of merits discovery. (*Id.* at 3.) The Court agrees that Plaintiff should be able to ask questions even if Defendant Guy already believes he has answered them, as Plaintiff may now require further information given what he has found during merits discovery. Moreover, Defendant Harrington has not been deposed in this case. Thus, Plaintiff would already be entitled to re-ask questions of Defendant Guy in his capacity as Defendant Harrington's designee so that he can provide answers that bind Defendant Harrington.

Third, Defendants complain in a single sentence that Plaintiff should be required to state the "broadest Rule 30(b)(6) topics . . . with reasonable particularity." (Discovery Letter at 2.) Defendants give no examples of which topics they believe to be overbroad, let alone explain why

United States District Court
Northern District of California

they lack reasonable particularity. Indeed, Defendants do not even attach the proposed 30(b)(6) deposition topics. It is not the Court's role to make arguments for Defendants or substantiate their conclusory assertions, and Defendants' failure to meaningfully address their arguments is not a good use of limited judicial resources.[1] Accordingly, the Court finds that Defendants have failed to establish that any of the Rule 30(b)(6) topics are overbroad or disproportionate to the needs of the case.

Finally, Defendants have requested that the depositions proceed remotely by videoconference given that Defendant Guy resides in Bermuda. (Discovery Letter at 2.) Plaintiff provides no objection to this request, and the Court observes that the prior deposition was conducted over videoconference. Accordingly, the depositions may proceed remotely by videoconference.

This order disposes of Dkt. No. 248.

IT IS SO ORDERED.

Dated: August 27, 2026

KANDIS A. WESTMORE
United States Magistrate Judge

[1] This is not the first time that Defendants have made broad conclusory assertions without providing an explanation in support or identifying the requests that they claim were problematic. (*See* Dkt. No. 243.)